COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| YSLETA INDEPENDENT SCHOOL DISTRICT, | § | No. 08-12-00061-CV |
| Appellant, | § | Appeal from the |
| v. | § | 34th Judicial District Court |
| MARCELINO FRANCO, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2003-213) |

**O P I N I O N**

In this whistleblower case, the Ysleta Independent School District ("District") appeals the trial court's order denying its plea to the jurisdiction. The District contends that the trial court erred because Marcelino Franco failed to report a violation of law to an "appropriate law enforcement authority" as required by the Whistleblower Act. For the reasons that follow, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Franco was employed as a principal of a pre-kindergarten school when he reported asbestos hazards in his school to District officials. He did so by first bringing them to his immediate supervisor's attention in two separate memorandums addressed to her, the second of which had supporting documentation attached to it. When his supervisor failed to act, Franco addressed a third memorandum to her and to the superintendent and trustees of the District. In it, Franco recounted pertinent points that he had raised in his previous memorandums to his supervisor and provided additional information that he had uncovered regarding the history of asbestos in his school and its remediation or lack thereof. As with the second memorandum, the

third memorandum was supported with documentation.

Slightly more than two months later, Franco was suspended.[1]  Franco then sued the District pursuant to the Whistleblower Act.[2]  Franco alleged that the District's failure to respond to an asbestos hazard violated the Asbestos Hazard Emergency Response Act ("Asbestos Act" or "Act").  He also alleged that he "made a good faith report of violation of law to a law enforcement authority," and that he was suspended in retaliation for doing so.

The District filed a plea to the jurisdiction asserting that Franco's claims were barred by sovereign immunity because he failed to allege the jurisdictional facts necessary to invoke the Whistleblower Act.  In particular, the District maintained that it was not an "appropriate law enforcement authority" to which Franco could have properly reported a violation of the Asbestos Act because it was "not charged with the authority to regulate, enforce, investigate, or prosecute [the Act]."  After hearing the plea and taking it under advisement, the trial court denied the District's plea to the jurisdiction.  This interlocutory appeal followed.[3]

## STANDARD OF REVIEW

Governmental immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in plea to the jurisdiction.  *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004).  Whether the trial court has subject matter jurisdiction is a question of law, which we review *de novo*.  *Id*. at 226.  A plaintiff bears the burden of alleging facts affirmatively demonstrating that the trial court has subject matter jurisdiction.  *Id*.  In

---

[1]  A few weeks before his suspension, Franco was reassigned from the pre-kindergarten school to an elementary school.

[2]  Tex.Gov't Code Ann. § 554.001 *et seq*.(West 2012).

[3]  *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(8)(West Supp. 2012)(permitting state agency to file interlocutory appeal from denial of plea to the jurisdiction).

2

determining whether a plaintiff has done so, we construe the pleadings liberally in the plaintiff's favor and look to the pleader's intent. *Id.* In determining a plea to the jurisdiction, we can also consider evidence, and must do so when necessary, to resolve the jurisdictional issue. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). If evidence negates the existence of jurisdictional facts as a matter of law, the trial court should grant the plea. *City of Waco v. Lopez*, 259 S.W.3d 147, 150 (Tex. 2008). However, if evidence does not negate jurisdiction as a matter of law or if it creates a fact issue, the trial court should deny the plea. *Id.*

## THE WHISTLEBLOWER ACT

The Whistleblower Act contains an express waiver of immunity from suit. Specifically, a public employee who alleges a violation of the Whistleblower Act may sue the employing state or local government entity for the relief provided by the Whistleblower Act. TEX.GOV'T CODE ANN. § 554.0035. In determining whether an employee has alleged a violation occurred, we consider whether the factual allegations would actually constitute a violation of the Act. *State v. Lueck*, 290 S.W.3d 876, 881 (Tex. 2009). However, a plaintiff need not prove his claim to satisfy the jurisdictional hurdle, and the burden of proof with respect to the jurisdictional facts does not involve a significant inquiry into the substance of the claims. *Id.*

### *Appropriate Law Enforcement Authority*

Under the Whistleblower Act, a state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, an employee who makes a good faith report to an appropriate law enforcement authority that the entity or another employee has violated the law. TEX.GOV'T CODE ANN. § 554.002(a); *Lueck*, 290 S.W.3d at 878. As defined by the Whistleblower Act, a report is made to an appropriate law enforcement

3

authority if the authority is "a part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to: (1) regulate under or enforce the law alleged to be violated in the report; or (2) investigate or prosecute a violation of criminal law." *Id*. at § 554.002(b). Good faith, in the context of an appropriate law enforcement authority, means that: "(1) the employee believed the governmental entity was authorized to (a) regulate under . . . enforce . . . (b) investigate or prosecute a violation of . . . law; and (2) the employee's belief was reasonable in light of the employee's training and experience." *Tex. Dept. of Transp. v. Needham*, 82 S.W.3d 314, 321 (Tex. 2002).

### *Report to the Superintendent and Trustees of the District*

On appeal, the District contends that "Franco failed to establish in any way either his subjective belief that [the District] was an appropriate law enforcement authority or that any such belief was objectively reasonable."[4] Specifically, the District argues that, in the absence of other evidence, Franco's belief that the District had the authority to prevent a violation of the Asbestos Act "does not [alone] satisfy either the objective or subjective components of good faith belief that [the District] is an appropriate law enforcement authority." We are not persuaded.

The evidence establishes that Franco subjectively believed that the superintendent and trustees were authorized to regulate under or enforce the Asbestos Act. In particular, Franco's

---

[4] In its brief, the District also raises two additional arguments why it was not the appropriate law enforcement authority to which Franco could have properly reported a violation of the Asbestos Act. First, the District contends that the Asbestos Act, the federal regulations promulgated by the EPA, and the state regulations promulgated by the Texas Department of Health make clear that "the investigation and enforcement of any failure to perform under the Act falls to the EPA Administrator, the Governor, and/or the Texas Department of Health, not the . . . district." Second, the District asserts that its authority to discipline employees internally and its ability to comply with the Asbestos Act did not equate to authority to regulate under or enforce the Asbestos Act. Whether the District is correct in so arguing is irrelevant, however. A determination that a governmental entity is not authorized to regulate under or enforce the particular law at issue in a case does not necessarily end the inquiry because a plaintiff may still obtain Whistleblower Act protection if he in good faith believed that the governmental entity was an appropriate law enforcement authority. *See Needham*, 82 S.W.3d at 320.

4

deposition, submitted as part of his response to the District's plea, reveals his subjective belief. Franco testified that he reported a violation of the Asbestos Act to the District, which he contended was a law enforcement authority. When asked if he understood that the District did not "go out and prosecute or investigate people for alleged asbestos-related crime," Franco testified that he did not, "[b]ut . . . [knew] from . . . Whistleblowers [sic] Act that [he was] supposed to report it to a governmental agency . . . ." Significantly, he testified that "the [District] was the governing official or law enforcement or police – whatever you want to call it – that [he] report[ed] [the violation of the Asbestos Act] to." Likewise important was Franco's testimony that "the board members and the superintendent . . . were [the] people who could enforce the [Asbestos Act]."

The evidence also raises a fact issue as to whether Franco had an objectively reasonable belief that the superintendent and trustees were authorized to regulate under or enforce the Asbestos Act in light of his training and experience. As noted above, Franco testified in his deposition that he knew he was required to report violations of the Asbestos Act to a governmental agency. A school district is a governmental agency and a district's trustees have the exclusive power and duty to govern and oversee the management of the public schools of the district. *See Farran v. Canutillo Indep. Sch. Dist*., No. 08-10-00289-CV, 2012 WL 2127727, at *6 (Tex.App.--El Paso June 13, 2012, pet. filed), *citing* TEX.EDUC.CODE ANN. § 11.151(b)(West 2006). Furthermore, Franco's memorandums reveal that district officials were directing him in the manner he was to implement the District's policies on asbestos containment. In one memorandum to his immediate supervisor, Franco stated that "[i]n regards to the 'asbestos' implications," he had contained the "damage factor" as instructed by "district officials." In another memorandum, addressed to his supervisor and to the District's superintendent and

5

trustees, Franco alleged that a District employee had asked that he and his secretary destroy the old asbestos management plan and replace it with a new one that "delete[d] information and contain[ed] very interesting findings and costs."

Franco could also have believed that the Asbestos Act and its implementing federal regulations empowered the District to regulate under or enforce the Act. In particular, the federal regulations promulgated by the EPA, which Franco produced as part of his response to the plea, require a local education agency to develop an asbestos management plan for each school, implement it, and maintain and update it.[5]  40 CFR § 763.93(a)(1), (c), (d)(West 2012).  Indeed, pursuant to Section 763.97, which is titled "Compliance and enforcement," it is unlawful for any local education agency to fail to develop a management plan and a local education agency is subject to civil and criminal penalties for violating the Act and its implementing regulations. *Id.* at § 763.97(a)(1)(iii), (a)(2), (b)(4), (c).  In addition, the regulations promulgated by the EPA place much of the onus for asbestos response and remediation on a local education agency. Significantly, Section 763.84, which is titled "General local education agency responsibilities," requires a local education agency to:

> (a) Ensure that the activities of any persons who perform [the responsibilities required by the regulations] are carried out in accordance with [them].
>
> .          .          .
>
> (c) Ensure that . . . building occupants, or their legal guardians, are informed . . . about inspections, response actions, and post-response action activities . . . .
>
> .          .          .

---

[5] In relevant part, a local education agency is defined by the EPA regulations as "[a]ny local education agency as defined in section 198 of the Elementary and Secondary Education Act of 1965 (20 U.S.C. 3381)."  40 CFR § 763.83(1).  There is no dispute that the District is a local education agency subject to the requirements of the Act and its implementing regulations.

(g)(1) Designate a person to ensure that requirements under [the regulations] are properly implemented.

(2) Ensure that the designated person receives adequate training to perform duties assigned under [the regulations] . . . [including knowledge of] . . . .

.               .               .

(v) Relevant Federal and State regulations concerning asbestos . . . .

40 CFR § 763.84(a), (c), (g)(1), (g)(2)(v).

In light of the foregoing and indulging all reasonable inferences in favor of Franco, as we are required to do, we conclude that Franco produced sufficient evidence of his good faith belief that the District's superintendent and trustees were authorized to regulate under or enforce the Asbestos Act and that his belief was reasonable in light of his training and experience. *See Farran*, 2012 WL 2127727, at *6-8 (holding that whistleblower produced sufficient evidence of his good faith belief by reporting improper expenditures of school funds to school district's superintendent, internal auditor, and trustees because, among other reasons, superintendent's duties included maintaining a system of internal controls to deter and monitor for financial impropriety and district's procedure for employee complaints specifically addressed what it termed Whistleblower complaints); *Moreno v. Tex. A&M Univ.-Kingsville*, 339 S.W.3d 902, 912-13 (Tex.App.--Corpus Christi 2011, pet. filed)(holding that whistleblower produced sufficient evidence of her good faith belief by reporting suspected violations of the tuition waiver provision, as required by university policy, to university president who had the power to enforce compliance with the tuition waiver provision); *Tex. Dept. of Human Servs. v. Okoli*, 317 S.W.3d 800, 811 (Tex.App--Houston [1st Dist.] 2010, pet. filed)(holding that whistleblower produced sufficient evidence of his good faith belief by citing to an internal policy requiring him to report misconduct

7

to his supervisor and to other individuals situated higher in the agency's organizational structure).

We are not persuaded by the District's reliance on this Court's decision in *Moore v. City of Wylie*, 319 S.W.3d 778 (Tex.App.--El Paso 2010, no pet.). In *Moore*, the plaintiff, a building inspector, presented evidence of his subjective belief that another building inspector had violated the law by failing to report unspecified code violations. *Id.* at 786. We held that the evidence relied on by Moore was not evidence of his subjective belief that the city department or his supervisor had any authority to investigate or prosecute the other building inspector's alleged violation of the law. *Id.* We also concluded that Moore's evidence likewise did not constitute evidence that would allow a reasonably prudent employee in similar circumstances to conclude that the department or the plaintiff's supervisor had authority to prosecute the other building inspector for failing to report a code violation. *Id.*

This is not the situation here. Franco produced evidence of his subjective belief that the superintendent and trustees were authorized to regulate under or enforce the Asbestos Act. Franco testified in his deposition that he believed that the District was the body to which he should report violations of the Asbestos Act because, in his mind, the trustees and superintendent had the authority to enforce the Act. Moreover, unlike the plaintiff in *Moore*, Franco produced sufficient evidence to raise a fact issue as to whether, in light of his training and experience, he had an objectively reasonable belief that the superintendent and trustees were authorized to regulate under or enforce the Asbestos Act. The Act and its implementing regulations require a school district to ensure that asbestos remediation be carried out in accordance with those regulations and to ensure that the requirements under the Act and regulations are properly implemented. The memoranda drafted by Franco show that he was being directed by District officials to implement their policies

on asbestos containment.

Having determined that Franco produced sufficient evidence of his good faith belief that the District's superintendent and trustees were authorized to regulate under or enforce the Asbestos Act and that his belief was reasonable in light of his training and experience, we hold that the trial court did not err in denying the District's plea to the jurisdiction.

## CONCLUSION

We affirm the judgment of the trial court below.

December 27, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

9