# IN THE SUPREME COURT OF TEXAS

════════════

No. 12-0203

════════════

DALLAS COUNTY, TEXAS, PETITIONER,

v.

ROY LOGAN, RESPONDENT

════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS
════════════════════════════════════════════════════

**PER CURIAM**

Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code permits an interlocutory appeal of an order denying a plea to the jurisdiction by a governmental unit. Pursuant to that statute, Dallas County appealed the denial of a plea in which it asserted governmental immunity from claims brought under the Texas Whistleblower Act. *See* TEX. GOV'T. CODE § 554.0035. The court of appeals affirmed the trial court's denial of the plea, declining to consider additional grounds argued by the County in support of the jurisdictional plea because the County had not raised them in the trial court. 359 S.W.3d 367, 371-72 (Tex. App.—Dallas 2012). Following its prior precedent, the court held that the interlocutory-appeal statute limited its appellate jurisdiction to grounds raised in the trial court: "In appeals pursuant to section 51.014(a)(8), an appellate court's jurisdiction is limited to reviewing the grant or denial of the plea to the jurisdiction that was filed or considered by the trial

court." *Id*. citing *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Estate of Arancibia*, 244 S.W.3d 455, 461-62 (Tex. App.—Dallas 2007), *aff'd on other grounds*, 324 S.W.3d 544 (Tex. 2010).

Other courts have held that new or additional challenges raised in a section 51.014(a)(8) interlocutory appeal must be considered by the appellate court, "regardless of whether such challenges were presented to or determined by the trial court." *Fort Bend Cnty. Toll Road Auth. v. Olivares*, 316 S.W.3d 114, 118 (Tex. App. — Houston [14th Dist.] 2010, no pet.). We recognized this split in the courts of appeals recently in another interlocutory appeal in which we took jurisdiction to resolve the conflict. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88 (Tex. 2012). The court of appeals, however, did not have the benefit of our decision in *Black* as it issued several months after the court's decision in this case.

A court of appeals' judgment is ordinarily conclusive in interlocutory appeals taken pursuant to section 51.014(a), but this Court has jurisdiction to resolve conflicts. The conflict, however, must be with a prior decision. *See* TEX. GOV'T CODE § 22.001(a)(2) (granting the supreme court appellate jurisdiction in "a case in which one of the courts of appeals holds differently from a prior decision of another court of appeals or of the supreme court on a question of law material to a decision of the case"). And, although *Black* is not a "prior" decision, the conflict found to exist among the courts of appeals in *Black* likewise gives us jurisdiction over this appeal. *See Black*, 392 S.W.3d at 93.

In *Black*, we concluded that section 51.014(a) does not preclude an appellate court from having to consider immunity grounds first asserted on interlocutory appeal. *Id*. at 95. We further disapproved contrary authority, including *Arancibia*, the case followed by the court of appeals here. *Id*. at 95 & n.3. Because *Black* rejects the basis for the court of appeals' decision below, we grant

2

the petition for review and, without hearing oral argument, reverse and remand the cause to the court of appeals for its further deliberation. TEX. R. APP. P. 59. 1.

Opinion Delivered: August 23, 2013