# IN THE SUPREME COURT OF TEXAS

═════════════
No. 13-0072
═════════════

YSLETA INDEPENDENT SCHOOL DISTRICT, PETITIONER,

v.

MARCELINO FRANCO, RESPONDENT

═══════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE EIGHTH DISTRICT OF TEXAS
═══════════════════════════════════════════════════════

**PER CURIAM**

This Whistleblower Act case raises a familiar issue: whether a report of alleged violations of law is jurisdictionally insufficient if made to someone charged only with internal compliance. TEX. GOV'T CODE § 554.001 *et seq*. A few months ago, in *University of Texas Southwestern Medical Center v. Gentilello*, we held that such reports cannot support an objective, good-faith belief that the reported-to official is an "appropriate law-enforcement authority" under the Act. 398 S.W.3d 680, 686 (Tex. 2013). Even more recently, in *Canutillo Independent School District v. Farran*, we held that complaints to a school board, superintendents, and internal auditor were not good-faith complaints where the officials had no authority to enforce the allegedly violated laws outside the institution itself. 409 S.W.3d 653, 655 (Tex. 2013) (per curiam).

This case poses the same issue: whether a report to personnel whose only power is to oversee compliance within the entity itself is enough to confer "law-enforcement authority" status. The

courts below answered yes, and erred in doing so (though in fairness, we had not yet decided *Gentilello* and *Farran*). We reverse, grant the plea to the jurisdiction, and dismiss the case.

\* \* \*

Marcelino Franco was a principal at the Robert F. Kennedy Pre-K Academy in the Ysleta Independent School District (ISD). He sent a memorandum to his immediate supervisor, the chief academic officer, Gloria Polanco-McNealy, reporting various "asbestos hazards" in the school and raising several "Administrative Issues"—among them:

> staff members [are] suffering from recent cancers, liver ailments, respiratory ailments and several advise [him] that 'they just feel sick'. Absenteeism is high. One teacher has traveled to the Mayo Institute and remains 'sick' but undiagnosed.

Franco feared that he and the teachers, staff, and students were at risk of "contracting a cancer, other related illness(es) or just being chronically 'sick'." Franco asserted that the current working conditions breached his employment contract with the ISD and also the "2472 Code of Ethics and Standard Practices for Texas Educators." Franco requested a transfer to another school within the district. He included a "confidential communiqué" disclaiming any threatening or provocative motives, and he promised that the ISD could "rely on [his] complete trust, loyalty and professional discretion and ethics."

Ms. Polanco-McNealy responded that the ISD's facilities department was unaware of any asbestos at the school. She also told Franco that she would investigate his accusations of asbestos and mold and the allegedly related illnesses.

In response, Franco directed Ms. Polanco-McNealy to the ISD's Asbestos Management Plan, which the district uses to assess asbestos-containing materials located in its buildings. He also

2

attached a work order showing that floor tiles in the building had been replaced. Franco noted that the following comment appears on the work order: "Have school direct this request to Risk Management-Asbestos Abatement attn: Grant Curtis." Franco highlighted this comment to controvert Ms. Polanco-McNealy's claim that the facilities department was unaware of any asbestos in the school. At the end of his memorandum, Franco again requested a transfer to another school. Eventually, the ISD indefinitely suspended Franco, and he filed this whistleblower claim.

It is unclear from the record what communications the parties had after Franco's second memorandum. Franco testified, however, that he reported the asbestos hazards to several school officials—including the superintendent and trustees of the district. Franco claimed that the ISD violated the Asbestos Hazard Emergency Response Act, 15 U.S.C. § 2641 *et seq.*, by failing to respond to his asbestos reports. But Franco submitted no evidence showing that the ISD enforces the Asbestos Act beyond overseeing its own internal compliance. And he admitted that he did not report the allegations to anyone other than school officials. He claimed that doing so was unnecessary because the school district is a government entity, and a government entity is a law-enforcement authority under the Whistleblower Act.

The trial court agreed and denied the ISD's plea to the jurisdiction. The court of appeals affirmed, holding that "Franco produced sufficient evidence of his good faith belief that the [ISD's] superintendent and trustees were authorized to regulate under or enforce the Asbestos Act." 394 S.W.3d 728, 732. The court of appeals added that Franco's evidence raised a fact issue about whether his belief was objectively reasonable in light of his training and experience. *Id.* at 733. We disagree.

3

Our recent cases hold that a report to someone charged only with internal compliance is jurisdictionally insufficient under the Whistleblower Act. *Gentilello*, 398 S.W.3d at 686; *Farran*, 409 S.W.3d at 655. As *Farran* made clear in the school context, reporting to school officials not charged with enforcing laws outside the district falls short of what the Act requires.

In that factually similar case, Farran was executive director of transportation and facilities at Canutillo Independent School District when he reported various alleged violations of law to the school board and other school officials. *Id*. at 654. Like Franco, Farran submitted no evidence of the school district's authority to enforce laws beyond the institution itself. *Id*. at 655. We concluded that "[a]uthority of the entity to enforce legal requirements or regulate conduct within the entity itself is insufficient to confer law-enforcement authority status." *Id*. (quoting *Gentilello*, 398 S.W.3d at 686). Thus, Farran could not establish that the school district was an appropriate law-enforcement authority. *Id*. Consequently, Farran could not show "an objective, good-faith belief that the school district officials to whom Farran complained had authority 'to enforce, investigate, or prosecute violations of law against third parties outside of the entity itself' or had 'authority to promulgate regulations governing the conduct of such third parties.'" *Id*. (quoting *Gentilello*, 398 S.W.3d at 686).

Similarly, on the record before us, Franco has failed to show an objective, good-faith belief that the ISD qualifies as an "appropriate law-enforcement authority" under the Act. Therefore, the courts below erred in denying the ISD's plea to the jurisdiction.

Accordingly, we grant the petition for review and, without hearing oral argument, reverse the court of appeals' judgment and dismiss the case. *See* TEX. R. APP. P. 59.1.

**OPINION DELIVERED:** December 13, 2013