**Reverse and Remand; Opinion Filed January 9, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-00480-CV

**DALLAS COUNTY, TEXAS, Appellant**

**V.**

**ROY LOGAN, Appellee**

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-06270**

## OPINION ON REMAND

Before Justices Moseley, Lang, and Myers
Opinion by Justice Lang

This is an interlocutory appeal pursuant to section 51.014(a)(8) of the Texas Civil

Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West

Supp. 2013). Appellant Dallas County asserts a single issue challenging the trial court's denial

of its plea to the jurisdiction in a suit brought by appellee Roy Logan under the Texas

Whistleblower Act. *See* TEX. GOV'T CODE ANN. §§ 554.001–.010 (West 2012 & Supp. 2013).

On original submission, this Court affirmed the trial court's denial of Dallas County's

plea to the jurisdiction. *Dallas Cnty., Tex. v. Logan*, 359 S.W.3d 367, 369 (Tex. App.—Dallas

2012), *rev'd*, 407 S.W.3d 745 (Tex. 2013).[1] In that opinion, we concluded several grounds

---

[1] For purposes of clarity, this Court's original opinion in this case is referred to herein as *Logan I* and the supreme court's opinion in this case is referred to as *Logan II*.

asserted on appeal by Dallas County pertaining to governmental immunity were not argued by Dallas County in the trial court and therefore our consideration of such grounds was precluded pursuant to section 51.014(a)(8). *See Logan I*, 359 S.W.3d at 371–72, 374.

Dallas County filed a petition for review in the Supreme Court of Texas. While the petition for review was pending, the supreme court issued its opinion in *Rusk State Hospital v. Black*, 392 S.W.3d 88 (Tex. 2012), in which it resolved a conflict among the courts of appeals by concluding section 51.014(a) "does not preclude an appellate court from having to consider immunity grounds first asserted on interlocutory appeal." *Logan II*, 407 S.W.3d at 746 (citing *Black*, 392 S.W.3d at 95). Further, the supreme court disapproved contrary authority, including the cases relied on by this Court in declining to consider the grounds described above in our opinion on original submission. *Id.* (citing *Black*, 392 S.W.3d at 95 n.3). In its opinion in this case, the supreme court stated in part, "Because *Black* rejects the basis for the court of appeals' decision below, we grant the petition for review and, without hearing oral argument, reverse and remand the cause to the court of appeals for further deliberation." *Id.*

On remand, we offered the parties the opportunity to file supplemental briefs in this Court and both parties did so. We have considered the parties' supplemental and original appellate briefs in our analysis. Additionally, we set forth in detail in this opinion the evidence in the record of the trial court and the arguments and assertions made by both parties initially in the trial court, on appeal, and upon remand in order that we describe our complete analysis of each challenge to jurisdiction asserted by Dallas County. For the reasons below, we reverse the trial court's order denying Dallas County's plea to the jurisdiction and remand this case to the trial court for further proceedings consistent with this opinion.

# I. FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit was filed by Logan on May 24, 2010. In his live petition at the time of the order complained of,[2] Logan stated he was employed as a deputy constable with Dallas County from July 2008 to September 2010. Logan contended that while he was employed by Dallas County, he "made a good-faith report" that actions by the Dallas County Constable and other Dallas County supervisory personnel "violated TEXAS PENAL CODE Chapters 31, 36, and/or 38, among other things." (emphasis original). Specifically, Logan asserted (1) he "believed he was illegally harassed and intimidated" by the Dallas County Constable and the constable's subordinates for not "participating in forced 'volunteer' work," (2) he "was illegally threatened with termination" by the Dallas County Constable for "discussing matters of public concern," and (3) "favoritism" was "shown to other deputy constables who participated at the forced 'volunteer' activities." Logan stated he believed these actions were illegal and he "reported these illegal activities, to the Dallas County Judge and to investigators for the Dallas County Commissioners Court." According to Logan, (1) his reports of "violations of law" were the "substantial and/or motivating factor" for "adverse personnel actions" against him, including reprimands, suspension, and termination and (2) the actions of the Dallas County Constable and his subordinates constituted "violations of Dallas County personnel rules that prohibit retaliation for reporting violations of law" and "retaliation that violates the Texas Whistleblower Act."[3] Further, Logan contended "the Dallas County Commissioners Court, and its investigators, was an appropriate law enforcement authority to whom [Logan] could report these violations of law as [Logan] reasonably and in good faith believed the Commissioners Court, and its investigators,

---

[2] Logan's live petition at the time of the order complained of was his January 21, 2011 second amended petition.

[3] In addition to his whistleblower claim, Logan asserted claims for declaratory relief, injunctive relief, and equal protection. Those claims are not at issue in this appeal.

had authority to regulate under and/or enforce the laws violated and/or because the Commissioners Court, and its investigators, have investigative or prosecutorial responsibility." Additionally, Logan asserted that to the extent Dallas County was immune from suit or liability respecting his whistleblower claim, such immunity had been waived pursuant to the Whistleblower Act.

On December 22, 2010, Dallas County filed a general denial answer and asserted affirmative defenses including, in part, immunity from suit and liability under "the doctrine of sovereign immunity." Additionally, in a section of its answer titled "Plea to the Jurisdiction," Dallas County contended its "sovereign/governmental immunity against suit has not been waived."

One day later, Dallas County filed a document titled "Plea to the Jurisdiction."[4] Therein, Dallas County specifically addressed the trial court's jurisdiction only as to Logan's whistleblower claims. Dallas County contended the investigators to whom Logan reported the activities he believed to be illegal worked for Defenbaugh and Associates, a non-governmental entity headed by investigator Danny Defenbaugh that was hired by the Dallas County Commissioners Court to conduct a civil investigation. According to the final paragraph of Dallas County's plea to the jurisdiction,

> Dallas County's immunity was not waived because Roy Logan did not make a good faith report of a violation of law to an appropriate law enforcement authority as required by § 554.002(a) of the Whistleblower Act. Danny Defenbaugh and his fellow investigators were not an appropriate law enforcement authority. Danny Defenbaugh and the other investigators who were in his employment were not part of a state or local governmental entity or of a the [sic] federal government as they could not regulate nor enforce the laws that Logan alleged had been violated or investigate or prosecute a violation of criminal law, as mandated by § 554.002(a), (b)(1), (2) of the Whistleblower Act.

---

[4] Additionally, the record shows Dallas County filed a separate motion for partial summary judgment at that same time. The record on appeal does not include a copy of Dallas County's motion for partial summary judgment.

–4–

Attached as exhibits to Dallas County's plea to the jurisdiction were excerpts from deposition testimony of Kenneth Lybrand, an investigator who had participated in the investigation at issue. In those deposition excerpts, Lybrand stated in part (1) he had more than twenty years of experience in "law enforcement," including experience as a police officer with the Dallas Police Department; (2) at the time of the investigation in question, he and the other investigators were "working for Danny Defenbaugh & Associates," a "separate investigative arm that was brought in by a governmental entity," and were not part of a state or local governmental entity or the federal government; (3) he and "the other participants" in the investigation in question did not "regulate" and were not able to "enforce" the "laws alleged to be violated" and did not investigate or prosecute "a violation of criminal law"; (4) after completing the investigation, he and the other investigators prepared a "Preliminary Investigative Report" for Dallas County; (5) he "was not aware that the County Commissioners can enforce anything criminal"; and (6) he had no "special knowledge about the County Judges' enforcement authority for civil laws or criminal laws in Dallas County."

In a January 25, 2011 response to Dallas County's plea to the jurisdiction, Logan contended (1) Dallas County asserted only one argument respecting his whistleblower claim: that "Logan did not make his reports to an appropriate law enforcement authority" and (2) "[f]rom the arguments made by Defendant, it seems clear the only element of Logan's whistleblower claim that is in dispute is whether the investigators and the Dallas County Judge were 'an appropriate law enforcement authority.'" According to Logan, Dallas County did not dispute that Logan (1) was a public employee, (2) made good faith reports of violations of law by other public employees, and (3) suffered adverse employment actions in retaliation for his reports. Logan argued (1) he "made his reports to an appropriate law enforcement authority, as that term is defined by the Texas Whistleblower Act" and (2) Dallas County "ignores the fact that [the

–5–

investigators to whom Logan made his reports] were working for the Dallas County Commissioners Court" when they received those reports." Further, Logan contended in part

> The significant issue before the Court on the question of sovereign immunity is not what Mr. Lybrand thought his status was, nor even what this Court might determine his status was, as an "appropriate law enforcement authority." Instead, the critical question here is whether Roy Logan reasonably and in good faith believed the investigators hired by the Dallas County Commissioners Court were "an appropriate law enforcement authority.". . . Defendant does not challenge Logan's stated beliefs.

(footnote omitted). Additionally, Logan asserted (1) "the relevant issue requires analysis of Roy Logan's beliefs"; (2) Dallas County is not entitled to dismissal of Logan's claims based upon its plea to the jurisdiction because it "fails completely to address the issue of Roy Logan's beliefs"; (3) the Dallas County District Attorney's Office argued during discovery in this case that Defenbaugh, his investigators, and Dallas County were "law enforcement agents entitled to assert the law enforcement privilege" and "clearly this is evidence that shows it was reasonable for Roy Logan, who is not an attorney, to in good faith believe the investigators, the Dallas County Commissioners Court and the County Judge were each 'an appropriate law enforcement authority'"; and (4) Logan's reports of "multiple violations of law" included reports of "violations of the Family and Medical Leave Act," "fraudulent awards of 'comp time' to some Dallas County employees," failure to properly serve civil process, "fraudulent billing" for civil process that was not accomplished, "official oppression" and "retaliation" by the Dallas County Constable, and "harassment" by the Dallas County Constable and his subordinates.

Attached as exhibits to Logan's response were several affidavits by Logan in which he testified in part (1) despite "threats" to his job security, he chose to report actions that, based on his training and experience, he believed were violations of law to investigators "hired by the Dallas County Commissioners Court"; (2) he "also made reports to the Dallas County Judge"; (3) he believed in "good faith" and based on his training, experience and what the investigators

–6–

and the Dallas County Judge told him, that the Dallas County Judge, the Commissioners Court, and the investigators had the authority to "correct the illegal activities of employees and elected officials of Dallas County" and "regulate under and/or enforce the laws violated"; (4) he witnessed various actions respecting the "multiple violations of law" described above; (5) he had "not been interviewed by any law enforcement personnel" relating to "the ongoing investigation approved by the Dallas County Commissioners Court"; (6) he "understood the Dallas County Judge was the chief executive officer and highest ranking elected official in Dallas County, Texas"; and (7) during his meetings with the investigators working for the Dallas County Commissioners Court, the investigators told Logan "they were hired by the Commissioner's Court; that their findings and [Logan's] information would be turned over to the Commissioner's Court; and that any information indicating a criminal violation would be turned over to the Dallas County District Attorney." Additionally, the attachments to Logan's response included a March 10, 2010 letter from Logan to the Dallas County Judge in which Logan requested "protection" due to purported "adverse actions" of the Dallas County Constable that allegedly violated Dallas County Code section 86-811, which requires Dallas County to comply with the Texas Whistleblower Act.

In a reply to Logan's response to the plea to the jurisdiction, Dallas County asserted in part that Logan "failed to present any admissible summary judgment evidence to support an allegation that an appropriate law enforcement authority could regulate under or enforce the law alleged to have been violated or investigate or prosecute a violation of criminal law per § 554.002(a) of the Act." Additionally, Dallas County (1) contended "[t]he Plaintiff's jurisdictional defects cannot be cured by amendment, which were set out in Dallas County's Plea to the Jurisdiction" and (2) asserted objections to the evidence in the exhibits attached to Logan's response.

Following a hearing,[5] the trial court overruled Dallas County's objections to the evidence and denied Dallas County's plea to the jurisdiction.[6] This interlocutory appeal of the portion of the trial court's order denying Dallas County's plea to the jurisdiction was timely filed.

In this Court's original opinion, we construed Dallas County's original appellate brief and reply brief in this Court to assert the following arguments: (1) "Logan's claims were barred by governmental/sovereign immunity"; (2) the trial court lacked jurisdiction over Logan's "incurably invalid Texas Whistleblower Act suit"; (3) Logan's pleadings affirmatively negated the existence of jurisdiction; (4) the individual commissioners of the Dallas County Commissioners Court and the Dallas County Judge "are not public employees" and therefore "are not within the confines of the limiting statute of the [Whistleblower] Act"; (5) "Defenbaugh and the other investigators who were in his employment were not part of a state or local governmental entity or of a [sic] the federal government"; (6) the investigators, Dallas County Commissioners Court, and Dallas County Judge could not "enforce or regulate the laws Logan reported were violated" or "investigate or prosecute a criminal law violation"; (7) evidence established Logan did not have a subjective good faith belief that he was making a report to an appropriate law enforcement authority; and (8) "evidence established that Logan did not have an objective good faith belief that he was making a report to an appropriate law enforcement authority when he allegedly made allegations to the Dallas County Commissioners Court, Dallas County Judge and the Danny Defenbaugh investigators." *Logan I*, 359 S.W.3d at 373–74.

However, this Court concluded the record showed that the only jurisdictional challenges asserted by Dallas County in the trial court were (1) the investigators to whom Logan made his reports were not part of a state or local entity or of the federal government and (2) the alleged

---

[5] The appellate record contains no reporter's record of the hearing on Dallas County's plea to the jurisdiction.

[6] Additionally, in the same order, the trial court postponed a hearing on the motion for partial summary judgment filed by Dallas County.

law enforcement authorities to whom Logan made his reports could not regulate or enforce the laws that Logan alleged had been violated or investigate or prosecute a violation of criminal law. *Id*. at 374. This Court reasoned that even assuming without deciding that Dallas County was correct as to those two challenges, the record did not show a failure by Logan to allege facts that affirmatively demonstrate the trial court's jurisdiction because (1) the investigators were not the only authority to whom Logan made reports and (2) the Whistleblower Act could apply if Logan believed in good faith that he made a report of a violation of law to an appropriate law enforcement authority. *Id*. Further, this Court declined to address Dallas County's other arguments asserted on appeal, including those respecting good faith, because the record did not show those arguments were made in the trial court. *Id*. at 373–74. Consequently, we affirmed the trial court's denial of Dallas County's plea to the jurisdiction. *Id*. at 374.

Following the supreme court's reversal and remand, Dallas County filed a supplemental brief in this Court in which it asserts two additional issues. Specifically, Dallas County contends Logan did not make (1) a report to an "appropriate law enforcement authority," which requirement has been "further elucidated" by the Supreme Court in several cases decided after this Court's initial opinion in this case and does not include an entity that does not "have any investigative prosecution, regulatory, [or] enforcement authority" for the laws allegedly violated or (2) "a 'good faith' report of a violation of law," which does not include reports of violations of "an employer's internal policies" or "personnel rules."

## II. DENIAL OF DALLAS COUNTY'S PLEA TO THE JURISDICTION

### A. Standard of Review and Applicable Law

Whether a trial court has subject matter jurisdiction is a matter of law that is reviewed de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *City of Dallas*

*v. Heard*, 252 S.W.3d 98, 102 (Tex. App.—Dallas 2008, pet. denied). A party may challenge the trial court's subject matter jurisdiction by filing a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225–26; *Heard*, 252 S.W.3d at 102. When the plea challenges the claimant's pleadings, we determine whether the claimant has pleaded facts that affirmatively demonstrate the trial court's jurisdiction, construing the pleadings liberally and in favor of the claimant. *Miranda*, 133 S.W.3d at 226; *see also* TEX. R. CIV. P. 45 ("All pleadings shall be construed so as to do substantial justice."). When the plea challenges the existence of jurisdictional facts, we consider evidence submitted by the parties just as the trial court did. *Miranda*, 133 S.W.3d at 227. We take as true all evidence favorable to the claimant, and we indulge all reasonable inferences in his favor. *Id.* at 228. If the evidence is undisputed or if it does not raise a fact question on the jurisdictional issue, then the plea can be resolved as a matter of law. *Id.* If the evidence raises a fact question on the jurisdictional issue, then the fact-finder must resolve the issue at trial. *Id.* In performing this review, an appellate court does not look to the merits of the case, but considers only the pleadings and evidence relevant to the jurisdictional inquiry. *See id.* at 227; *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

If the pleadings do not allege facts sufficient to affirmatively demonstrate jurisdiction, but the pleading defects are curable by amendment, the issue is one of pleading sufficiency and the plaintiff should be afforded an opportunity to amend. *See Miranda*, 133 S.W.3d at 226–27; *see also Clifton v. Walters*, 308 S.W.3d 94, 98 (Tex. App.—Fort Worth 2010, pet. denied); *City of Austin v. Leggett*, 257 S.W.3d 456, 461 (Tex. App.—Austin 2008, pet. denied). If the pleadings affirmatively negate jurisdiction, the plea should be granted. *See Miranda*, 133 S.W.3d at 227; *Leggett*, 257 S.W.3d at 461.

"[A] plaintiff may not have had fair opportunity to address jurisdictional issues by amending its pleadings or developing the record when the jurisdictional issues were not raised in

the trial court." *Black*, 392 S.W.3d at 96. "Under such circumstances, appellate courts must construe the pleadings in favor of the party asserting jurisdiction, and, if necessary, review the record for evidence supporting jurisdiction." *Id.* "[I]f the pleadings and record neither demonstrate jurisdiction nor conclusively negate it, then in order to obtain dismissal of the plaintiff's claim, the defendant entity has the burden to show either that the plaintiff failed to show jurisdiction despite having had full and fair opportunity in the trial court to develop the record and amend the pleadings; or, if such opportunity was not given, that the plaintiff would be unable to show the existence of jurisdiction if the cause were remanded to the trial court and such opportunity afforded." *Id.* If the defendant entity does not meet this burden, the appellate court should remand the case to the trial court for further proceedings. *Id.*

Under the common-law doctrine of sovereign immunity, the state cannot be sued without its consent. *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011) (citing *Tooke v. City of Mexia*, 197 S.W.3d 325, 331 (Tex. 2006)). "When performing governmental functions, political subdivisions derive governmental immunity from the state's sovereign immunity." *Id.* (footnote omitted). Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the state, including counties, cities, and school districts. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003)); *Learners Online, Inc. v. Dallas Indep. Sch. Dist.*, 333 S.W.3d 636, 641–42 (Tex. App.—Dallas 2009, no pet.). Like sovereign immunity, governmental immunity has two components: immunity from liability, which bars enforcement of a judgment against a governmental entity, and immunity from suit, which bars suit against the entity altogether. *See Tooke*, 197 S.W.3d at 332. Governmental immunity from suit deprives a trial court of subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 225–26.

"[E]ven if the State acknowledges liability on a claim, immunity from suit bars a remedy until the Legislature consents to suit." *Learners Online*, 333 S.W.3d at 642 (quoting *Ben Bolt–Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self–Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006)). The plaintiff bears the burden to affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *See, e.g., Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003); *City of Irving v. Seppy*, 301 S.W.3d 435, 443 (Tex. App.—Dallas 2009, no pet.). To determine if the plaintiff has met that burden, "we consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties." *Whitley*, 104 S.W.3d at 542.

Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code provides for appeal from an interlocutory order of a district court that grants or denies a plea to the jurisdiction by a governmental unit. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). "[S]ection 51.014(a) does not preclude an appellate court from having to consider immunity grounds first asserted on interlocutory appeal." *Logan II*, 407 S.W.3d at 746 (citing *Black*, 392 S.W.3d at 95); *see also Bedell v. State*, No. 03-11-00502-CV, 2013 WL 2631738, at *3 (Tex. App.—Austin June 5, 2013, pet. denied) (mem. op. on rehearing) (concluding reasoning of *Black* applies to sovereign immunity arguments raised after issuance of opinion and judgment in court of appeals).

The Texas Whistleblower Act is contained in chapter 554 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. §§ 554.001–.010. Section 554.002 of the Whistleblower Act provides

(a) A state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority.

–12–

(b) In this section, a report is made to an appropriate law enforcement authority if the authority is a part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to:

(1) regulate under or enforce the law alleged to be violated in the report; or

(2) investigate or prosecute a violation of criminal law.

*Id.* § 554.002. Pursuant to section 554.0035, "[a] public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter." *Id.* § 554.0035. Additionally, the statute provides "[s]overeign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter." *Id.*

The Whistleblower Act defines "law" as a state or federal statute, an ordinance of a local governmental entity, or "a rule adopted under a statute or ordinance." *Id.* § 554.001(1). A report of a violation of law under the Whistleblower Act must be in "good faith." *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 626 (Tex. 2010).

"Good faith" in the Whistleblower Act context has both objective and subjective elements. *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Gentilello*, 398 S.W.3d 680, 683 (Tex. 2013). Thus, with respect to a report of a violation of law, the employee "must have believed he was reporting conduct that constituted a violation of law and his belief must have been reasonable based on his training and experience." *Univ. of Houston v. Barth*, 403 S.W.3d 851, 854 (Tex. 2013) (citing *Gonzalez*, 325 S.W.3d at 626); *see* TEX. GOV'T CODE ANN. § 554.002(a). "Because peace officers have more experience than those in other professions in deciding whether an act is a violation of law, 'the reasonableness of a peace officer's belief that a law has been violated will be examined more closely than will the belief of one in another, non-law enforcement profession.'" *Harris Cnty. Precinct Four Constable Dep't v. Grabowski*, 922 S.W.2d 954, 956 (Tex. 1996); *see also Wichita Cnty., Tex. v. Hart*, 917 S.W.2d 779, 785 (Tex. 1996) ("A police

officer, for example, may have had far more exposure and experience in determining whether an action violates the law than a teacher or file clerk."). A deputy constable is statutorily defined as a "peace officer." TEX. CODE CRIM. PROC. ANN. art. 2.12(2) (West Supp. 2013).

In the context of section 554.002(b), "good faith" means (1) the employee believed the governmental entity was authorized to regulate under or enforce the law alleged to be violated in the report, or investigate or prosecute a violation of criminal law and (2) "the employee's belief was reasonable in light of the employee's training and experience." *Gentilello*, 398 S.W.3d at 683. The supreme court has held that "an appropriate law-enforcement authority must be actually responsible for regulating under or enforcing the law allegedly violated." *Id.* at 685. "It is not simply an entity responsible for ensuring internal compliance with the law allegedly violated." *Id.* "[A] whistleblower cannot reasonably believe his supervisor is an appropriate law-enforcement authority if the supervisor's power extends no further than ensuring the governmental body itself complies with the law." *Id.* at 689. "[F]or an entity to constitute an appropriate law-enforcement authority under the Act, it must have authority to enforce, investigate, or prosecute violations of law against third parties outside of the entity itself, or it must have authority to promulgate regulations governing the conduct of such third parties." *Id.* at 686; *see Ysleta Indep. Sch. Dist. v. Franco*, No. 13-0072, 2013 WL 6509471, at *2 (Tex. Dec. 13, 2013) ("a report to someone charged only with internal compliance is jurisdictionally insufficient under the Whistleblower Act"); *Canutillo Indep. Sch. Dist. v. Farran*, 409 S.W.3d 653, 655 (Tex. 2013) ("'Authority of the entity to enforce legal requirements or regulate conduct within the entity itself is insufficient to confer law-enforcement authority status' under the Whistleblower Act." (quoting *Gentilello*, 398 S.W.3d at 686)).

A county commissioners court derives its power from the Texas Constitution, which provides in part

Each county shall, in the manner provided for justice of the peace and constable precincts, be divided into four commissioners precincts in each of which there shall be elected by the qualified voters thereof one County Commissioner, who shall hold his office for four years and until his successor shall be elected and qualified. The County Commissioners so chosen, with the County Judge as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed.

TEX. CONST. art. V, § 18(b). The Texas Supreme Court has construed this section to mean that "although a commissioners court may exercise broad discretion in conducting county business, the legal basis for any action taken must be grounded ultimately in the constitution or statutes." *Guynes v. Galveston Cnty.*, 861 S.W.2d 861, 863 (Tex. 1993). Further, "[a]s the administrative head of county government, a commissioners court also possesses broad implied powers to accomplish its legitimate directives." *Id.*

### B. Analysis

In its sole issue on appeal, Dallas County asserts the trial court erred by denying its plea to the jurisdiction. As described above, in its original appellate brief and reply brief in this Court, Dallas County argues (1) "Logan's claims were barred by governmental/sovereign immunity"[7]; (2) the trial court lacked jurisdiction over Logan's "incurably invalid Texas Whistleblower Act suit"; (3) Logan's pleadings affirmatively negated the existence of jurisdiction; (4) the individual commissioners of the Dallas County Commissioners Court and the Dallas County Judge "are not public employees" and therefore "are not within the confines of the limiting statute of the [Whistleblower] Act"; (5) "Defenbaugh and the other investigators who were in his employment were not part of a state or local governmental entity or of a [sic] the federal government"; (6) the investigators, Dallas County Commissioners Court, and Dallas

_____

[7] To the extent Dallas County uses the terms "sovereign immunity" and "governmental immunity" interchangeably, we construe the issues in this appeal to pertain to "governmental immunity." *See Sykes*, 136 S.W.3d at 638.

–15–

County Judge could not "enforce or regulate the laws Logan reported were violated" or "investigate or prosecute a criminal law violation"; (7) evidence established Logan did not have a subjective good faith belief that he was making a report to an appropriate law enforcement authority; and (8) "evidence established that Logan did not have an objective good faith belief that he was making a report to an appropriate law enforcement authority when he allegedly made allegations to the Dallas County Commissioners Court, Dallas County Judge and the Danny Defenbaugh investigators." Further, in its supplemental brief in this Court, Dallas County asserts in two additional issues that Logan did not make (1) a report to an "appropriate law enforcement authority," which requirement has been "further elucidated" by the Supreme Court in several cases decided after this Court's initial opinion in this case and does not include an entity that does not "have any investigative prosecution, regulatory, [or] enforcement authority" for the laws allegedly violated or (2) "a 'good faith' report of a violation of law," which does not include reports of violations of "an employer's internal policies" or "personnel rules."

Logan contends in part in his original brief in this Court that (1) Dallas County's jurisdictional argument in the trial court was limited to the issue of "whether the investigators were an appropriate law enforcement authority"; (2) Dallas County's additional arguments were "not preserved for appeal" and should not be considered by this Court; (3) the question of whether the individual commissioners and the Dallas County Judge are public employees "is not relevant to the question of the trial court's jurisdiction over this claim"; (4) Logan's pleadings did not negate jurisdiction; (5) "Logan made numerous reports of violations of law to an appropriate law enforcement authority"; (6) Logan acted in good faith; and (7) the investigators and the Dallas County Judge "were clearly all part of a local governmental entity." In his supplemental brief in this Court, Logan asserts that "[w]hile [Dallas County's] new arguments were not expressly raised in the trial court, Logan's response to the County's jurisdictional plea

included evidence and arguments to address both arguments." Specifically, Logan contends in part that he showed (1) he reported violations of both criminal and civil laws, including violations of Texas Penal Code chapters 31, 36, and/or 38, the Texas Whistleblower Act, the "Family and Medical Leave Act, 29 U.S.C. §2601 et seq.," and Dallas County Code sections 86-811, 86-781, 86-942, 86-902, 86-903, and 86-904; (2) he reported those violations of law "to the Dallas County Judge, who was part of the Dallas County Commissioners Court" and "to investigators who were the agents of the Dallas County Commissioners Court"; (3) "the Dallas County Judge and Commissioners Court were appropriate law enforcement authorities as to the violations of civil laws that he reported—particularly with respect to violations of the Dallas County Code, which is not merely an internal policy"; and (4) "he acted in good faith, even if his actions are subjected to heightened scrutiny due to his status as a police officer." According to Logan, the trial court correctly denied the plea to the jurisdiction because his "evidence and arguments raised fact questions that must be decided by a jury." Further, Logan asserts (1) "if this Court now believes Logan's evidence was in any way deficient, Logan should be allowed to actually present evidence and argument on these issues that were not previously raised in the trial court" and (2) because he "never had a full opportunity in the trial court to respond to Dallas County's newly raised issues," "fundamental principles of due process require that he be allowed the opportunity to respond to Dallas County's evidentiary issues in a forum capable of receiving evidence—the trial court."

As described above, "section 51.014(a) does not preclude an appellate court from having to consider immunity grounds first asserted on interlocutory appeal." *Logan II*, 407 S.W.3d at 746 (citing *Black*, 392 S.W.3d at 95). Accordingly, we disagree with Logan's assertion in his original brief that this Court should not consider immunity grounds not asserted by Dallas County in the trial court. *See Logan II*, 407 S.W.3d at 746; *Black*, 392 S.W.3d at 95; *Bedell*,

2013 WL 2631738, at *3. We consider in turn each of Dallas County's appellate arguments respecting immunity.

First, we consider Dallas County's assertion that "Logan's pleadings affirmatively negate the trial court's jurisdiction over his claim as a matter of law." In support of this argument, Dallas County cites case law and Logan's pleadings, but does not specifically explain how those pleadings affirmatively negate jurisdiction. However, to the extent Dallas County's general assertion that jurisdiction has been negated is intended to allege a deficiency separate from the other alleged deficiencies respecting Logan's claim, we examine Logan's pleadings.

"There are but two jurisdictional requirements under section 554.0035." *State of Tex. v. Lueck*, 290 S.W.3d 876, 881 (Tex. 2009). For the government's immunity to be waived, the plaintiff must (1) be a public employee and (2) allege a violation of chapter 554. *Id*. However, "the elements under section 554.002(a) must be considered in order to ascertain what constitutes a violation, and whether that violation has actually been alleged." *Id*. Thus, "the elements of section 554.002(a) can be considered as jurisdictional facts, when it is necessary to resolve whether a plaintiff has alleged a violation under the Act." *Id*.

Logan asserts in part that he "satisfied the pleading requirements explained in *Lueck* by alleging in his [second amended petition] that he was a public employee; who in good faith; reported a violation of law by the employing governmental entity or another public employee; to an appropriate law enforcement authority." (footnotes omitted). The record shows Logan stated in part in his live pleading (1) he was employed as a deputy constable with Dallas County from July 2008 to September 2010; (2) he made "a good-faith report" of "violations of law" by the Dallas County Constable to "the Dallas County Judge and to investigators for the Dallas County Commissioners Court"; (3) "the Dallas County Commissioners Court, and its investigators, was an appropriate law enforcement authority to whom [Logan] could report these violations of law

as [Logan] reasonably and in good faith believed the Commissioners Court, and its investigators, had authority to regulate under and/or enforce the laws violated and/or because the Commissioners Court, and its investigators, have investigative or prosecutorial responsibility"; and (4) his reports of "violations of law" were the "substantial and/or motivating factor" for "adverse personnel actions" against him, including reprimands, suspension, and termination. Construing Logan's pleadings liberally and in his favor, we cannot agree with Dallas County's broad contention that "Logan's pleadings affirmatively negate the trial court's jurisdiction over his claim as a matter of law." *See* TEX. GOV'T CODE ANN. § 554.002; *Miranda*, 133 S.W.3d at 226 (when plea challenges claimant's pleadings, we determine whether claimant has pleaded facts that affirmatively demonstrate trial court's jurisdiction, construing pleadings liberally and in favor of claimant).

Second, we address Dallas County's argument that the Dallas County Judge and the commissioners on the Dallas County Commissioners Court "are not public employees" and therefore "are not within the confines of the limiting statute of the [Whistleblower] Act." In support of that argument, Dallas County asserts that the county excludes elected officials, including members of the Dallas County Commissioners Court and the Dallas County Judge, from the definition of "employee" for purposes of the Texas Workers' Compensation Act. *See* TEX. LAB. CODE ANN. § 504.012 (West 2006).

Logan responds in part that "nothing in the statute, and nothing in any of the cases cited by Dallas County in its Brief, supports or even suggests that only public employees can receive whistleblower reports." Additionally, Logan asserts "the supposed issue of the employment status of Dallas County Commissioners or the Dallas County Judge is not relevant to the question of the trial court's jurisdiction over this claim."

Dallas County does not explain, and the record does not show, how the question of whether the individual commissioners of the Dallas County Commissioners Court and the Dallas County Judge are "public employees" or are defined as "employees" for workers' compensation purposes has any bearing on the issue in this appeal. Therefore, we cannot agree with Dallas County's argument respecting the employment status of the Dallas County Commissioners and Dallas County Judge.

Third, we address Dallas County's contention that the investigators hired by the Dallas County Commissioners Court were not "part of a state or local governmental entity or of the federal government." *See* TEX. GOV'T CODE ANN. § 554.002(b). In support of that contention, Dallas County cites Lybrand's testimony that at the time of the investigation, he was working for "Defenbaugh & Associates" and was not part of a state or local governmental entity or the federal government.

Logan asserts the investigators were "hired by, and conducted their investigation on behalf of, the Dallas County Commissioners Court" and therefore were "part of a local governmental entity." Additionally, Logan contends "[a]s agents hired by the Dallas County Commissioners Court to conduct an investigation to aid the Court's legislative and governing function, the investigators were clearly 'part of a state or local governmental entity.'" However, other than citing general principles of law pertaining to agency, Logan cites no authority to support his argument. The Seventh District Court of Appeals in Amarillo recently stated, "Neither the plain language of the Whistleblower Act nor any other indicator of legislative intent we have seen suggests to us the Legislature intended that individuals, or committees, having merely a duty of reporting to a governmental entity are 'part of' the entity." *Ahmed v. Tex. Tech Univ. Health Sci. Ctr. Sch. of Med. at Amarillo*, No. 07-11-00176-CV, 2013 WL 265076, at \*3 (Tex. App.—Amarillo Jan. 23, 2013, no pet.) (mem. op.). The record in this case shows

Defenbaugh and Associates was hired by Dallas County to conduct an investigation of Dallas County employment practices and provide a report to the Dallas County Commissioners Court based on that investigation. On this record, we conclude no evidence shows the investigators in question were "part of a state or local governmental entity or of the federal government" for purposes of the Whistleblower Act. *See id.*; TEX. GOV'T CODE ANN. § 554.002(b).

Fourth, we consider Dallas County's assertion that Logan lacked a subjective good faith belief that he was making a report to an appropriate law enforcement authority. Specifically, Dallas County asserts in part that Logan (1) "admitted that he knew he was not meeting with an appropriate law enforcement authority when he unequivocally admitted that he had not been interviewed by any law enforcement personnel or anyone from the Dallas County District Attorney's Office," (2) "knew that the Danny Defenbaugh investigators' findings and his information that indicated a criminal law violation would be turned over to the Dallas County District Attorney," (3) "admitted that the [Dallas] County Judge told him that he [the Dallas County Judge] 'was going to correct the problems in Precinct 5,'" and (4) "stated that he thought that [the Dallas County Judge] was the chief executive officer and highest ranking official in Dallas County, Texas, which is one of the reasons he made reports to him." According to Dallas County, "[n]o evidence exists that Logan, who worked as a certified peace officer in the State of Texas, somehow subjectively believed that either the Dallas County Judge or the Commissioners Court had the authority to correct alleged illegal activities of anyone."

Logan contends he "presented several affidavits that show his good faith subjective beliefs" and Dallas County presented no evidence to controvert those beliefs. Further, according to Logan, "good faith remains a question of fact."

The record shows Logan testified in part in his affidavits that (1) despite "threats" to his job security, he chose to report actions that, based on his training and experience, he "believed

–21–

were violations of law" to investigators hired by the Dallas County Commissioners Court; (2) he "also made reports to the Dallas County Judge"; and (3) he believed in "good faith" and based on his training, experience and what the investigators and the Dallas County Judge told him" that the Dallas County Judge and the Dallas County Commissioners Court had the authority to "correct the illegal activities of employees and elected officials of Dallas County" and "regulate under and/or enforce the laws violated."

When a plea challenges the existence of jurisdictional facts, we take as true all evidence favorable to the claimant and indulge all reasonable inferences in his favor. *Miranda*, 133 S.W.3d at 228. On this record, we cannot agree with Dallas County that the record shows "no evidence" as to Logan's subjective good faith. *See id.*

Fifth, we consider Dallas County's argument that the Dallas County Commissioners Court and Dallas County Judge were not appropriate law enforcement authorities because they could not regulate or enforce the laws that Logan alleged had been violated or investigate or prosecute a violation of criminal law.[8] As described above, the record shows that in its reply to Logan's response to the plea to the jurisdiction in the trial court, Dallas County asserted in part that Logan "failed to present any admissible summary judgment evidence to support an allegation that an appropriate law enforcement authority could regulate under or enforce the law alleged to have been violated or investigate or prosecute a violation of criminal law per § 554.002(a) of the Act." To the extent that statement can be construed to apply to evidence respecting Dallas County's plea to the jurisdiction and to extend beyond challenging the admissibility of such evidence, the complaint in question was raised generally in the trial court.

---

[8] Additionally, Dallas County argues the investigators were not appropriate law enforcement authorities because they could not regulate or enforce the laws allegedly violated or investigate or prosecute a violation of criminal law. However, we concluded above that the investigators were not "part of a state or local governmental entity or of the federal government" for purposes of the Whistleblower Act. *See* TEX. GOV'T CODE ANN. § 554.002(b). Therefore, we need not address the parties' other contentions respecting the investigators. *See* TEX. R. APP. P. 47.1.

However, Dallas County specified for the first time on appeal that this complaint challenges "the objective component of the good-faith test" respecting its plea to the jurisdiction. Because all of Dallas County's five remaining appellate arguments also turn, at least in part, on the existence of Logan's "objective good faith belief," we address these six arguments together.

As described above, Dallas County's arguments that require an analysis of Logan's "objective good faith belief" include (1) the Dallas County Commissioners Court and Dallas County Judge were not appropriate law enforcement authorities because they could not regulate or enforce the laws that Logan alleged had been violated or investigate or prosecute a violation of criminal law; (2) "evidence established that Logan did not have an objective good faith belief that he was making a report to an appropriate law enforcement authority when he allegedly made allegations to the Dallas County Commissioners Court, Dallas County Judge and the Danny Defenbaugh investigators"; (3) Logan did not make a report to an "appropriate law enforcement authority," which requirement has been "further elucidated" by the Supreme Court in several cases decided after this Court's initial opinion in this case and does not include an entity that does not "have any investigative prosecution, regulatory, [or] enforcement authority" for the laws allegedly violated; (4) Logan did not make "a 'good faith' report of a violation of law," which does not include reports of violations of "an employer's internal policies" or "personnel rules"; (5) "Logan's claims were barred by governmental/sovereign immunity"; and (6) the trial court lacked jurisdiction over Logan's "incurably invalid Texas Whistleblower Act suit."

In support of these challenges on appeal, Dallas County cites, *inter alia*, *Gentilello*. Further, Dallas County contends (1) the powers of the Dallas County Judge and the Dallas County Commissioners Court are limited to those expressly delegated by the Texas Constitution and Legislature and (2) the powers so delegated do not include the power to regulate under or

–23–

enforce the laws alleged to have been violated or investigate or prosecute a violation of criminal law.

Logan responds in part in his original brief in this Court that (1) "the proper inquiry is not whether the investigators were actually law enforcement authorities," but rather "whether Roy Logan had a good faith belief that the investigators were an appropriate law enforcement authority" and (2) "when the Dallas County Commissioners Court hired investigators to investigate improper conduct . . . , that was an action regulating under and/or enforcing the laws [Logan] alleged were being violated." Additionally, Logan asserts in part in his supplemental appellate brief (1) "[c]ounty commissioners courts are appropriate law enforcement authorities even under the reasoning from *Gentilello*"; (2) "[n]o credible argument can be made that the Dallas County Commissioners Court did not 'regulate' when it enacted the DALLAS COUNTY CODE" (emphasis original); and (3) the violations of law in question "were properly reported by Roy Logan to the appropriate law enforcement authorities with the power to regulate under and enforce these laws—the Dallas County Commissioners Court." Specifically, Logan contends in part

> [Dallas County] argues the Dallas County Code is merely a collection of internal policies, while noting "internal policies do not meet the definition of laws." But no case cited by Dallas County involves the report of a violation of a county code to a commissioners court. Logan shows the Dallas County Code is a law for the purposes of the Texas Whistleblower Act. It was enacted by the Dallas County Commissioners Court under authority granted by the Texas Constitution. Because the Dallas County Code is a law, [Logan's] many reports of violations of the Code, to the legislative body that enacted the Code—the Commissioners Court, are reports of violations of law under the Texas Whistleblower Act.

Finally, Logan (1) argues he "never had a full opportunity in the trial court to respond to Dallas County's newly raised issues" and "should be allowed to actually present evidence and argument on these issues that were not previously raised in the trial court" and (2) asserts in a footnote in his supplemental brief that "[n]ew evidence may include regulation by the Dallas County

Commissioners Court in promulgating laws and/or revisions of Dallas County Code sections and/or a plea agreement by [the Dallas County Constable in question] in a criminal prosecution that followed whistleblower reports by Logan and others."

Logan's argument that the proper inquiry respecting objective good faith "is not whether the investigators were actually law enforcement authorities," but rather "whether Roy Logan had a good faith belief that the investigators were an appropriate law enforcement authority," is similar to the analysis of the El Paso Court of Appeals that was rejected by the supreme court in *Ysleta*. *See Ysleta Indep. Sch. Dist. v. Franco*, 394 S.W.3d 728, 731–32 & n.4 (Tex. App.—El Paso 2012), *rev'd* 2013 WL 6509471. We decline to apply that reasoning. Rather, the supreme court has made clear that "an appropriate law-enforcement authority must be actually responsible for regulating under or enforcing the law allegedly violated." *Gentilello*, 398 S.W.3d at 685. Further, that court has stated "a whistleblower cannot reasonably believe his supervisor is an appropriate law-enforcement authority if the supervisor's power extends no further than ensuring the governmental body itself complies with the law." *Gentilello*, 398 S.W.3d at 689; *see Ysleta*, 2013 WL 6509471, at *2.

As to Logan's other arguments, the record does not show (1) Logan's objective good faith belief was challenged in the trial court or (2) evidence was presented in the trial court respecting the issue of Logan's objective good faith belief. The supreme court has stated that when jurisdictional issues were not raised in the trial court, the plaintiff may not have had fair opportunity to address such issues by amending his pleadings or developing the record. *Black*, 392 S.W.3d at 96. On this record, we conclude such circumstances exist in this case respecting Dallas County's six remaining challenges described above. Further, we conclude Dallas County has not met its burden to demonstrate Logan would be unable to show the existence of

–25–

jurisdiction if the cause were remanded to the trial court and such opportunity afforded. *Id*.

Therefore, this case is remanded to the trial court for further proceedings.[9] *See id*.

### III. CONCLUSION

We reverse the portion of the trial court's order denying Dallas County's plea to the jurisdiction and remand this case to the trial court for further proceedings consistent with this opinion. *See Black*, 392 S.W.3d at 100.

/Douglas Lang/
DOUGLAS S. LANG
JUSTICE

110480RF.P05

---

[9] We note that the supreme court's opinions in *Ysleta* and *Gentilello* were issued subsequent to the proceedings in the trial court in this case. *See Ysleta*, 2013 WL 6509471; *Gentilello*, 398 S.W.3d at 685–689. Those opinions are particularly important on remand in this case in that they provide specific guidance regarding the proof required of a purported whistleblower to "support an objective, good-faith belief that the reported-to official is an 'appropriate law-enforcement authority' under the [Whistleblower] Act." *Ysleta*, 2013 WL 6509471, at *1.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DALLAS COUNTY, TEXAS, Appellant

No. 05-11-00480-CV     V.

ROY LOGAN, Appellee

On Appeal from the 95th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-10-06270.
Opinion delivered by Justice Lang.   Justices Moseley and Myers participating.

In accordance with this Court's opinion of this date, the portion of the trial court's order denying the plea to the jurisdiction of appellant Dallas County, Texas, is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 9th day of January, 2014.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE