**AFFIRM, and Opinion Filed February 20, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00765-CV

**KINGVISION PAY-PER-VIEW, LTD., GARDEN CITY BOXING CLUB, INC., AND ENTERTAINMENT BY J&J, INC., Appellants**
**V.**
**DALLAS COUNTY, TEXAS, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 07-11471-F**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Lang-Miers

Appellants KingVision Pay-Per-View, Ltd., Garden City Boxing Club, Inc., and Entertainment by J&J, Inc. appeal from an order granting a plea to the jurisdiction and motion to dismiss filed by appellee Dallas County, Texas. We affirm.

### BACKGROUND

In 2001 and 2003 appellants sued multiple defendants alleging that they illegally intercepted and aired pay-per-view boxing matches at various establishments. After obtaining judgments against the defendants, appellants delivered writs of execution to Michael Dupree, who at the time was the constable of Dallas County Precinct No. 5. After Dupree failed to perform his duties with respect to the writs, appellants filed post-judgment motions to recover the full amount of the judgments from Dupree and his surety pursuant to former sections 34.064

and 34.065 of the Texas Civil Practice and Remedies Code, which were in effect at the time.[1]  As a result of those motions appellants obtained eight judgments against Dupree totaling over $1 million.  Appellants then petitioned the trial court in this case to issue a writ of mandamus directing the County to pay the judgments obtained against Dupree, and to raise taxes if necessary to satisfy the judgments.  In response the County filed a plea to the jurisdiction and motion to dismiss arguing that (1) the judgments at issue were against Dupree in his personal capacity, (2) Dupree could petition the County Commissioners Court for indemnification, but appellants lacked standing to enforce the judgments against the County, and (3) the judgments did not waive the County's sovereign immunity.  Conversely, appellants moved for summary judgment and argued that former sections 34.064 and 34.065 are a "legislative waiver of immunity."  At the hearing on the County's motion, appellants' counsel also argued that the County had waived its claim of immunity because in its motion it used the term "sovereign immunity," which applies to the state and its agencies, rather than the term "governmental immunity," which applies to counties and other political subdivisions.  After the hearing the trial court granted the County's plea to the jurisdiction and dismissed appellants' lawsuit.

## ANALYSIS

In one issue on appeal appellants argue that the trial court erred when it granted the County's plea to the jurisdiction.  In support, appellants raise two main arguments: (1) appellants have standing to bring the suit, and (2) former civil practice and remedies code sections 34.064 and 34.065 waive the County's governmental immunity.  We need only address appellant's second argument because our conclusion regarding the County's immunity is dispositive of this appeal.

---

[1] Act of May 17, 1985, 69th Leg. R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3274 (amended 2007) (current version at TEX. CIV. PRAC. & REM. CODE ANN. §§ 34.064, 34.065 (West 2008)).

Under the doctrine of governmental immunity counties and other political subdivisions of the state cannot be sued without their consent. *See City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011) (citing *Tooke v. City of Mexia*, 197 S.W.3d 325, 331 (Tex.2006)). Governmental immunity has two components: immunity from liability, which bars enforcement of a judgment against a governmental entity, and immunity from suit, which bars suit against the entity altogether. *See Tooke*, 197 S.W.3d at 332.

"Waiver of a county's immunity from suit requires a clear and unambiguous expression of the Legislature, either by statute or resolution." *Webb Cnty. v. Khaledi Props., Ltd.*, No. 04-12-00251-CV, 2013 WL 3871060, at *2 (Tex. App.—San Antonio July 24, 2013, no pet.) (mem. op.); *see also Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 n.6 (Tex. 2003) (listing statutes expressly waiving immunity from suit). The plaintiff bears the burden to allege a valid waiver of immunity. *Dallas Cnty. v. Logan*, No. 05-11-00480-CV, 2014 WL 69038, at *6 (Tex. App.—Dallas Jan. 9, 2014, no pet. h.).

Whether a statute waives governmental immunity is a question of law, which we review de novo. *See Harris Cnty. v. Gibbons*, 150 S.W.3d 877, 882 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (statutory waiver of immunity is question of law); *Tex. Mun. Power Agency v. Pub. Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007) ("Statutory construction is a question of law, which we review de novo."). We construe statutes waiving sovereign and governmental immunity strictly. *See City of Houston v. Jackson*, 192 S.W.3d 764, 770 (Tex. 2006).

With these standards in mind, we begin by examining the text of former civil practice and remedies code sections 34.064 and 34.065 in effect at the time. Those sections stated as follows:

**34.064 Improper Return of Writ**

If an officer neglects or refuses to return a writ of execution as required by law or makes a false return on a writ of execution, the officer and his sureties are liable

to the person entitled to receive the money collected on the execution for the full amount of the debt, plus interest and costs. The total amount is recoverable on motion of the plaintiff filed with the court that issued the writ, following five days' notice.

**34.065 Failure to Levy or Sell**

If an officer fails or refuses to levy on or sell property subject to execution and the levy or sale could have taken place, the officer and his sureties are liable to the party entitled to receive the money collected on execution for the full amount of the debt, plus interest and costs. The total amount is recoverable on motion of the party filed with the court that issued the writ, following five days' notice to the officer and his sureties.[2]

To support their argument that former sections 34.064 and 34.065 waived the County's immunity from suit, appellants rely on *Johnson Roofing, Inc. v. Discount Rental, Inc.*, No. 10-10-00239-CV, 2010 WL 3943780 (Tex. App.—Waco Oct. 6, 2010, pet. denied) (mem. op.). That case, however, was not a suit against a county and did not address a county's immunity from suit. As a result, it does not support appellant's argument. Appellants also cite generally to our decision in *Freeman v. Wirecut E.D.M.*, 159 S.W.3d 721 (Tex. App.—Dallas 2005). Like *Johnson Roofing*, however, *Freeman* was not a suit against a county and does not stand for the proposition that a county is amenable to suit under former sections 34.064 and 34.065.

Appellants also argue that governmental immunity does not bar petitions for writs of mandamus against a political subdivision to enforce judgments obtained against its officers. To support this argument, appellants rely on *Delta County Levee Improvement District v. Leonard*, 516 S.W.2d 911 (Tex. 1975), which arose from a levee improvement district's failure to pay principal and interest on bonds issued for the construction and maintenance of levees and other improvements. The underlying judgments in that case, however, were against the district itself,

---

[2] Under the current version of section 34.064, an officer who refuses to file or amend a return of writ after receiving notice is subject to sanctions for contempt. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 34.064 (West 2008). And under the current version of section 34.065, if an officer fails or refuses to levy on or sell property subject to execution, and other enumerated conditions are met, the officer and his sureties are liable to the judgment creditor only for actual damages suffered. *See id.* § 34.065.

not against an officer. As a result, *Leonard* does not support appellants' argument that the judgments against Dupree waived the County's governmental immunity in this case.

Relying on *City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009), appellants also argue for the first time in their reply brief that the judgments against Dupree fall within the *ultra vires* exception to governmental immunity. As a general rule we do not consider arguments raised for the first time in a reply brief. *See Hunter v. PriceKubecka, PLLC*, 339 S.W.3d 795, 803 n.5 (Tex. App.—Dallas 2011, no pet.). But even if it had been timely raised, appellants' *ultra vires* argument does not support their claim that the County's immunity was waived in this case. The *ultra vires* exception to immunity applies when a plaintiff seeks declaratory relief against a government official who allegedly acts without legal or statutory authority. *See Bd. of Trustees of Galveston Wharves v. O'Rourke*, 405 S.W.3d 228, 234 (Tex. App.—Houston [1st Dist.] 2013, no pet.). In those cases, however, the government entity maintains immunity from suit and is not a proper defendant. *Id.*

In short, former sections 34.064 and 34.065 do not clearly and unambiguously waive the County's immunity from suit and the authorities appellants rely upon do not apply to the facts of this case. As a result, we conclude that appellants did not meet their burden to allege a valid waiver of the County's governmental immunity from suit.

## CONCLUSION

We resolve appellants' issue against them and affirm the trial court's order granting the County's amended plea to the jurisdiction and dismissing appellants' lawsuit.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

120765F.P05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KINGVISION PAY-PER-VIEW, LTD.,
GARDEN CITY BOXING CLUB, INC.,
AND ENTERTAINMENT BY J&J, INC.,
Appellant

No. 05-12-00765-CV        V.

DALLAS COUNTY, TEXAS, Appellee

On Appeal from the 116th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 07-11471-F.
Opinion delivered by Justice Lang-Miers.
Justices Francis and Lewis participating.

In accordance with this Court's opinion of this date, the trial court's order granting appellee Dallas County, Texas's pleas to the jurisdiction is **AFFIRMED**.

It is **ORDERED** that appellee Dallas County, Texas recover its costs of this appeal from appellants Kingvision Pay-Per-View, Ltd., Garden City Boxing Club, Inc., and Entertainment by J&J, Inc.

Judgment entered this 20th day of February, 2014.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE