DALLAS METROCARE SERVICES,
Petitioner,

v.

Dorothy PRATT, Respondent.

No. 03–0012.

Supreme Court of Texas.

Aug. 28, 2003.

Tim G. Sralla, Carvan E. Adkins, Taylor Olson Adkins Sralla & Elam, L.L.P., Fort Worth, for petitioner.

Robert E. Goodman, Jr., James Francis, Dallas, for respondent.

PER CURIAM.

The sole issue in this case is whether the Legislature intended by enacting Texas Health and Safety Code section 161.134 to waive the State's sovereign immunity from suit. Pratt is a former employee of Dallas Metrocare Services, a mental health and chemical dependency center. After Metrocare terminated her, Pratt sued Metrocare alleging, among other things, wrongful termination under section 161.134 of the Texas Health and Safety Code. TEX. HEALTH & SAFETY CODE § 161.134 (prohibiting retaliation for reporting a violation of a rule or law). Metrocare, a local governmental unit, filed a plea to the jurisdiction asserting immunity. *Id.* § 534.001(c)(1). The district court denied the plea, and Metrocare appealed. The court of appeals affirmed the district court's denial of Metrocare's plea to the jurisdiction and held that section 161.134 authorizes persons who allege they were subject to retaliation for reporting a violation of law to sue both public and private mental health facilities. 2002 WL 31238640; *see also* TEX. HEALTH & SAFETY CODE § 161.134.

Metrocare petitioned this Court for review, asserting that the court of appeals' opinion conflicts with our opinion in *Wich-ita Falls State Hospital v. Taylor,* 106 S.W.3d 692 (Tex.2003) and with the holdings in *Texas Department of Mental Health and Mental Retardation v. Lee,* 38 S.W.3d 862 (Tex.App.-Fort Worth 2001, pet. denied) and *Texas Department of Mental Health and Mental Retardation v. Kelley,* No. 11–01–00258–CV, 2003 WL 1391310, 2003 Tex.App. LEXIS 2436 (Tex. App.-Eastland March 20, 2003, no pet.) (memorandum opinion). *Taylor, Lee, and Kelley* held that section 321.003 of the Texas Health and Safety Code did not waive the State's sovereign immunity. *Taylor,* 106 S.W.3d at 701; *Lee,* 38 S.W.3d at 870–71; *Kelley,* 2003 WL 1391310, at *1, 2003 Tex.App. LEXIS 2436, at *2. Because the court of appeals' holding in this case is contrary to this Court's opinion in *Taylor* and the holdings in *Lee* and *Kelley,* we have jurisdiction over this interlocutory appeal. *See* TEX. GOV'T CODE § 22.225(c); *Coastal Corp. v. Garza,* 979 S.W.2d 318, 319–20 (Tex.1998).

Although *Taylor* involved the Patient's Bill of Rights, the issue under section 161.134 is, in all pertinent respects, the same. The relevant language of the two statutes is almost identical. *Compare* TEX. HEALTH & SAFETY CODE § 161.134(b)-(d), *with* TEX. HEALTH & SAFETY CODE § 321.003(a)-(d). Section 161.134(b) provides:

(b) A hospital, mental health facility, or treatment facility that violates Subsection (a) *is liable* to the person discriminated against. A person who has been discriminated against in violation of Subsection (a) *may sue* for injunctive relief, damages, or both.

(c) A plaintiff who prevails in a suit under this section may recover actual damages, including damages for mental anguish even if an injury other than mental anguish is not shown.

(d) In addition to an award under Subsection (c), a plaintiff who prevails in a suit under this section may recover exemplary damages and reasonable attorney fees.

TEX. HEALTH & SAFETY CODE § 161.134 (emphasis added). This language mirrors the statutory language we construed in *Taylor*, which provides:

(a) A treatment facility or mental health facility that violates a provision of, or a rule adopted under, this chapter, Subtitle C of Title 7, or Chapter 241, 462, 464, or 466 *is liable* to a person receiving care or treatment in or from the facility who is harmed as a result of the violation.

(b) A person who has been harmed by a violation *may sue* for injunctive relief, damages, or both.

(c) A plaintiff who prevails in a suit under this section may recover actual damages, including damages for mental anguish even if an injury other than mental anguish is not shown.

(d) In addition to an award under Subsection (c), a plaintiff who prevails in a suit under this section may recover exemplary damages and reasonable attorney fees.

*Id.* § 321.003 (emphasis added).

Neither Chapter 161 nor Chapter 321 defines the term "mental health facility." Instead, both chapters incorporate by reference the definition of "mental health facility" contained in Texas Health and Safety Code section 571.003. *See id.* §§ 321.001(4), 161.131(7). Section 571.003(12) defines "mental health facility" as:

(A) an inpatient or outpatient mental health facility operated by the department, a federal agency, a political subdivision, or any person;

(B) a *community center* or a facility operated by a community center; or

(C) that identifiable part of a general hospital in which diagnosis, treatment, and care for persons with mental illness is provided.

*Id.* § 571.003(12) (emphasis added). As we held in *Taylor*, mere incorporation of section 571.003's definition of "mental health facility," which includes public facilities, into Chapter 161 does not by itself manifest a clear legislative intent to waive immunity. 106 S.W.3d at 700–01. And because the statutory language at issue in this case is virtually identical to the statutory language at issue in *Taylor*, our holding in *Taylor* is dispositive. Accordingly, without hearing argument, we grant Metrocare's petition for review, reverse in part the court of appeals' judgment denying Metrocare's plea to the jurisdiction on Pratt's section 161.134 claim, and dismiss that claim for want of jurisdiction. TEX. R.APP. P. 59.1.

Justice ENOCH did not participate in the decision.