

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

___

No. 07-13-00368-CV

___

KELLY ELLIS, APPELLANT

V.

LUBBOCK COUNTY HOSPITAL DISTRICT
D/B/A UNIVERSITY MEDICAL CENTER, APPELLEE

___

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2013-505,529, Honorable Ruben Gonzales Reyes, Presiding

___

November 19, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Kelly Ellis sued appellee Lubbock County Hospital District d/b/a University Medical Center (the hospital) under the Texas Whistleblower Act[1] and Health and Safety Code section 161.134.[2] The trial court sustained the hospital's plea to the jurisdiction and dismissed Ellis's entire case.[3] We will affirm the order of the trial court.

---

[1] TEX. GOV'T CODE ANN. §§ 554.001-.010 (West 2012).

[2] TEX. HEALTH & SAFETY CODE ANN. § 161.134 (West 2010).

Background

In September 2012, the hospital hired Ellis as a certified surgical technologist. She holds an associate's degree as a surgical technologist, a bachelor's degree in biology, and a master's degree in environmental science. As a student she enrolled in "law classes" and as an instructor has taught surgical technology, ethics, and legal aspects of surgical technology.

According to her pleadings and her deposition testimony,[4] while in new-employee orientation Ellis was assigned to observe a surgical procedure. During the procedure, the surgeon removed tissue from the patient. In an act of horseplay, he tossed it to a surgical tech who tossed the tissue or a second mass of tissue back to the surgeon. The tissue was not sterile and touched the anesthetized patient, contaminating her. Ellis feared this would lead to a surgical site infection in the patient.

Ellis believed the conduct she witnessed constituted criminal assault. She also believed it amounted to "negligence," "malpractice," "maybe [a] battery," and an ethical breach. Although not mentioned in her deposition, Ellis states in her petition the events she witnessed in the operating room violated "various rules and regulations relating to

---

[3] The parties do not contend otherwise, and we have previously found, the hospital is a governmental entity entitled to assert governmental immunity from suit. *See Tex. Tech Univ. Health Scis. Ctr. v. Villagran,* 369 S.W.3d 523, 525 (Tex. App.—Amarillo 2012, pet. denied); *see also* Tex. Spec. Dist. Local Laws Code Ann., Chapter 1053 (Lubbock County Hospital District of Lubbock County, Texas).

[4] Because jurisdictional facts were challenged and evidence was presented both for and against the hospital's plea to the jurisdiction, we take as true the evidence favorable to Ellis, indulging every reasonable inference and resolving any doubts in her favor. *City of El Paso v. Heinrich,* 284 S.W.3d 366, 378 (Tex. 2009).

both the treatment of surgical patients and the behavior of surgical staff in the operating room."

Ellis immediately reported her observation to the team coordinator who responded, "[I]t happens all the time. We just look the other way." The following day in a group orientation Ellis reported the events to a person Ellis believed was the "head of education." This person did not ask for elaboration so Ellis reported to another person "in education." This person advised Ellis the next time she observed unprofessional behavior in the hospital she should encourage the participants to act in a more professional manner. Ellis next reported the occurrence to a person whom she described as "second in charge." He was outraged at the conduct she reported and stated, "I'll take care of it." Several days later Ellis reported the occurrence to the hospital compliance hotline.[5] Ellis was subsequently called to the office of a hospital official of unspecified authority, and she also reported the events she witnessed to this person. Following this meeting, Ellis was "essentially black-balled" by the hospital. She was not allowed to participate in surgeries and was fired a few weeks after making the report.

---

[5] In her deposition, Ellis referred to the hotline as a means of reporting to "the compliance people. They're out of your department. So they're more unbiased, I believe." Elsewhere in the deposition she referred to the hotline as the hospital's compliance hotline and added she did not know whether it connected with hospital employees or an "outside entity." In her brief, Ellis refers to the hotline as the hospital's "anonymous compliance hotline" and indicates it was "within her chain of command."

Ellis filed suit alleging violations of the Whistleblower Act and Health and Safety Code section 161.134.[6] The hospital answered and filed a plea to the jurisdiction. Both the hospital's plea and Ellis's response were supported with attached summary judgment-type evidence. Among the proof offered by both sides was Ellis's deposition. During her deposition, the following colloquy occurred:

> Q. [Counsel for U.M.C.] Do you think that the hospital, the supervisors, compliance department, the people in your department would have the authority to go arrest this doctor?
>
> A. [Ellis] Well, no.
>
> Q. Do you think they'd have authority to file a criminal case against him in the courts in the State of Texas?
>
> A. They could contact the authorities. I don't know how—
>
> Q. You could contact the authorities, too, couldn't you?
>
> A. Well, in the hospital, you go through chain of command and they take care of it.

## Analysis

Through a single issue Ellis argues the trial court erred by sustaining the hospital's plea to the jurisdiction because she "reported a violation of the rules/law adopted by [the hospital], a local governmental entity; and . . . Ellis reported the violation to a person she reasonably believed to be able to regulate under or enforce the law which was violated."

---

[6] On appeal, Ellis does not challenge the trial court's dismissal of her section 161.134 complaint. *See Ctr. for Health Care Servs. v. Quintanilla*, 121 S.W.3d 733 (Tex. 2003) (per curiam) (finding Legislature did not waive sovereign immunity from suit by enacting section 161.134); *Dallas Metrocare Servs. v. Pratt,* 124 S.W.3d 147, 148-49 (Tex. 2003) (per curiam) (same).

"Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages." *Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 655 (Tex. 2008). Hospital districts have governmental immunity. *Harris County Hosp. Dist. v. Tomball Reg'l Hosp.,* 283 S.W.3d 838, 842 (Tex. 2009). "[Governmental] immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225-26 (Tex. 2004).

"When a plea to the jurisdiction challenges the existence of facts alleged by the pleader to establish the trial court's subject-matter jurisdiction, the trial court must consider relevant evidence submitted by the parties." *Miranda,* 133 S.W.3d at 227 (citing *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex. 2000)). This standard generally mirrors that of a traditional summary judgment. *Id.* at 228; Tex. R. Civ. P. 166a(c). Thus, the trial court may consider affidavits and other summary judgment-type evidence. *FKM P'ship v. Board of Regents of Univ. of Houston Sys.,* 255 S.W.3d 619, 628 (Tex. 2008). The court takes as true evidence favorable to the nonmovant and indulges every reasonable inference and resolves any doubts in the nonmovant's favor. *City of Waco v. Kirwan,* 298 S.W.3d 618, 622 (Tex. 2009).

The Whistleblower Act provides, "A state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." Tex. Gov't Code Ann. § 554.002(a) (West 2012).

5

Under the act, governmental immunity is expressly waived when a public employee alleges a violation of Chapter 554 of the Texas Government Code. Tex. Gov't Code Ann. § 554.0035 (West 2012). Whether a claimant's whistleblower complaint comes within the Whistleblower Act's waiver of governmental immunity is properly addressed through a plea to the jurisdiction. *Ortiz v. Plano Indep. Sch. Dist.,* No. 02-13-00160-CV, 2014 Tex. App. LEXIS 7, at *2 (Tex. App.—Fort Worth Jan. 2, 2014, pet. denied) (mem. op.) (citing *Canutillo ISD v. Farran,* 409 S.W.3d 653, 655-57 (Tex. 2013)).

"Law" as used in the act means a state or federal statute, an ordinance of a local governmental entity, or "a rule adopted under a statute or ordinance." Tex. Gov't Code Ann. § 554.001(1) (West 2012).

Rules Violations

Ellis argues the conduct in the operating room she witnessed and reported violated rules[7] which were adopted by the Hospital District under a statute and which

---

[7] The rules Ellis refers to are contained in an excerpt of the hospital's employee handbook, included in the record. But Ellis never identified which of these rules she claims were violated. The report of a Whistleblower Act claimant need not identify the statute, ordinance, or rule she believes was violated. *Wilson v. Dallas Independent School Dist.,* 376 S.W.3d 319, 327 (Tex. App.—Dallas 2012, no pet.) (citing *Mullins v. Dallas Indep. Sch. Dist.,* 357 S.W.3d 182, 188 (Tex. App.—Dallas 2012, pet. denied)); *Tex. Dep't of Criminal Justice v. McElyea,* 239 S.W.3d 842, 850 (Tex. App.—Austin 2007, pet. denied). However, during the litigation the claimant must make that identification. *Wilson,* 376 S.W.3d at 327. The specific law the claimant alleges was violated is critical to the trial court's determination whether the report was made to an appropriate law enforcement authority. *Mullins,* 357 S.W.3d at 188 (citing *Tex. Dep't. of Transp. v. Needham,* 82 S.W.3d 314, 320 (Tex. 2002)). "A plaintiff appealing a dismissal of a Whistleblower claim for want of jurisdiction may not assert on appeal that

were therefore a "law" for purposes of the Whistleblower Act. The parties agree that, under the Texas Special District Local Laws Code, the Hospital District's board of managers is empowered to adopt rules for the operation of the hospital. TEX. SPEC. DIST. LOCAL LAWS CODE ANN. §§ 1053.001, 1053.105 (West Pamph. 2014).

As the supreme court recently explained, an agency's internal policies are ordinarily not "law" for purposes of the Whistleblower Act. *Univ. of Houston v. Barth*, 403 S.W.3d 851, 854-55 (Tex. 2013) (per curiam). It further noted, however, that rules enacted by a university's board of regents under the university's enabling statute "are of the same force as would be a like enactment of the Legislature." *Id.* at 855 (quoting *Foley v. Benedict,* 122 Tex. 193, 55 S.W.2d 805, 808 (Tex. 1932)). Here, there is no evidence that the Hospital District's Board of Managers, acting pursuant to its grant of authority under section 1053.105, ever adopted any provision of the handbook as a rule or rules for the operation of the hospital. On the record before us, we find the excerpts from the hospital's employee handbook to which Ellis points are not law under the Whistleblower Act.

Reporting to a Law Enforcement Authority

A report is made to an appropriate law enforcement authority if the authority is part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to regulate or enforce the law allegedly

_____

the conduct described in the report violates a law not identified in the trial court." *Wilson,* 376 S.W.3d at 327 (citing TEX. R. APP. P. 33.1(a)). The laws Ellis identified in the trial court were assault, battery, negligence, and malpractice. She also mentioned unspecified violations of unidentified ethical standards.

7

violated in the report or investigate or prosecute a criminal law violation. TEX. GOV'T CODE ANN. § 554.002(b) (West 2012)

"Good faith" means the employee believed the governmental entity was authorized to regulate under or enforce the law alleged to be violated in the report, or investigate or prosecute a violation of criminal law and "the employee's belief was reasonable in light of the employee's training and experience." *Univ. of Tex. Sw. Med. Ctr. v. Gentilello,* 398 S.W.3d 680, 683 (Tex. 2013). While the first element is subjective, the second element is objective; that is, the reporting employee comes within the act's protection only if a reasonably prudent employee in similar circumstances would have believed the governmental entity to which she reported a violation of law was an appropriate law-enforcement authority. *Tex. Dep't of Human Servs. v. Okoli,* No. 10-0567, 2014 Tex. LEXIS 685, at *7 (Tex. Aug. 22, 2014) (citing *Texas Department of Transportation* v. *Needham,* 82 S.W.3d 314, 320-21 (Tex. 2002)).

"[P]urely internal reports untethered to the Act's undeniable focus on law enforcement—those who either make the law or pursue those who break the law—fall short." *Gentilello,* 398 S.W.3d at 682. Drawing from its prior decisions, the court in *Gentilello* explained:

> [F]or an entity to constitute an appropriate law-enforcement authority under the [Whistleblower] Act, it must have authority to enforce, investigate, or prosecute violations of law against third parties outside of the entity itself, or it must have authority to promulgate regulations governing the conduct of such third parties. Authority of the entity to enforce legal requirements or regulate conduct within the entity itself is insufficient to confer law-enforcement authority status. Indeed, holding otherwise would transform every governmental entity that is subject to any regulation or that conducts internal investigations or imposes internal discipline into law-enforcement authorities under the Act.

*Gentilello,* 398 S.W.3d at 686. *See also Farran,* 409 S.W.3d at 655 (quoting *Gentilello,* 398 S.W.3d at 686) ("'Authority of the entity to enforce legal requirements or regulate conduct within the entity itself is insufficient to confer law-enforcement authority status' under the Whistleblower Act"); *Ysleta Indep. Sch. Dist. v. Franco,* 417 S.W.3d 443, 445 (Tex. 2013) (per curiam) ("a report to someone charged only with internal compliance is jurisdictionally insufficient under the Whistleblower Act").

For the present discussion, *Barth* is instructive. There, a university professor reported violations of the Texas Penal Code, university internal administrative policy, and civil statutes by his college's dean to the university's general counsel, chief financial officer, internal auditor, and associate provost. *Barth,* 403 S.W.3d at 853. Finding Barth did not report violations to a law enforcement authority, the court explained "none of the four people that Barth reported to regarding alleged violations of the Penal Code . . . could have investigated or prosecuted criminal law violations against third parties outside the University." *Id.* at 857. Barth's reports were held insufficient notwithstanding his argument that by reporting the violations in the manner noted he complied with the university's internal administrative policy. *Id.* at 857-58.

In the present matter, for the trial court to have jurisdiction, Ellis must have objectively in good faith believed she was reporting violations of the law to an entity authorized to enforce, investigate, or prosecute similar violations against third parties outside of the hospital and not merely an entity capable of internally disciplining employees for an alleged violation. *See Barth,* 403 S.W.3d at 857. None of those to whom Ellis reported the alleged wrongful conduct could have investigated or prosecuted her complaints outside of the hospital. Ellis was aware of this limitation, acknowledging

9

"in the hospital, you go through chain of command and they take care of it." On this record, we must conclude Ellis did not report the alleged violation she witnessed to an appropriate law enforcement authority nor could she in good faith have believed that she had.

For the reasons discussed, governmental immunity is not waived, as Ellis does not present a claim within the protections of the Whistleblower Act.

Conclusion

We overrule Ellis's issue and affirm the order of the trial court.


James T. Campbell
Justice