**S & H MARKETING GROUP, INC., Appellant,**

v.

**John SHARP, Comptroller of Public Accounts of the State of Texas; and Dan Morales,Attorney General of the State of Texas, Appellees.**

No. 03–96–00677–CV.

Court of Appeals of Texas, Austin.

Aug. 28, 1997.

Bruce E. Longenecker, Dallas, for Appellant.

Dan Morales, Attorney General, Jim B. Cloudt, Assistant Attorney General, Austin, for Appellees.

Before CARROLL, C.J., and ABOUSSIE and B.A. SMITH, JJ.

ABOUSSIE, Justice.

Appellant S & H Marketing Group, Inc. ("S & H") sought a refund of sales taxes paid to vendors and suppliers from 1983 through 1986. The Comptroller of Public Accounts denied S & H's refund claims, and S & H filed suit against John Sharp, Comptroller of Public Accounts of the State of Texas and Dan Morales, Attorney General of the State of Texas (collectively the "Comptroller"). The trial court granted summary judgment in favor of the Comptroller; S & H appealed. We will affirm the trial court's judgment.

## BACKGROUND

In letters dated October 30, 1987, S & H sought a refund of sales taxes in the amount of $198,783.09 paid to vendors and suppliers from 1983 through 1986. On November 7, 1987, an employee of the Comptroller's office contacted S & H and stated that amended sales tax returns were required to be filed by the parties collecting the tax in order for S & H to obtain a refund. In 1990, another employee of the Comptroller's office informed an S & H employee that an assignment procedure existed to seek a refund in lieu of filing amended returns. S & H subsequently obtained and filed with the Comptroller assignments of refund rights from the sellers in support of its claims for tax refunds. The Comptroller denied S & H's refund claims, stating that they were barred by the four-year statute of limitations. The Comptroller's decision was upheld following an administrative hearing, and S & H subsequently sued the Comptroller in district court. The district court granted summary judgment in favor of the Comptroller. In two points of error, S & H contends on appeal that summary judgment was improper because (1) fact issues exist regarding whether the statute of limitations was tolled by the actions of an employee of the Comptroller and (2) the Tax Code and the Comptroller's rules interpreting the Tax Code violate state and feder-

al due process and equal protection guarantees.

## DISCUSSION

■ In its first point of error, S & H contends the trial court erred in granting summary judgment in favor of the Comptroller because questions of fact exist as to whether the statute of limitations was tolled by S & H's reliance on incorrect advice from an employee of the Comptroller's office. The standards for reviewing a summary judgment are well established: (1) the movant for summary judgment has the burden of showing there is no genuine issue of fact and that it is entitled to summary judgment as a matter of law; (2) in deciding whether there is a disputed fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

S & H does not dispute that the statute of limitations for refund claims filed pursuant to section 111.104 of the Tax Code is four years from the date of the sales tax return. *See* Tex. Tax Code Ann. §§ 111.104, .204 (West 1992), .107, .201 (West Supp.1997). Nor does it dispute the facts of the case; rather, S & H contends that, because its failure to file timely its refund claims resulted from its reliance upon the actions of a Comptroller employee, the Comptroller is estopped from asserting the statute of limitations. We disagree.

■ Generally, a unit of government exercising its public or governmental functions cannot be estopped by the unauthorized or negligent acts of its officials or agents. *City of San Angelo v. Deutsch*, 126 Tex. 532, 91 S.W.2d 308, 309 (1936); *City of San Marcos v. R.W. McDonald Dev. Corp.*, 700 S.W.2d 674, 676 (Tex.App.—Austin 1985, no writ). While S & H argues that an exception to this rule applies where equity and justice require estoppel, this Court has determined that the exception created by the supreme court in *City of Hutchins v. Prasifka*, 450 S.W.2d 829 (Tex.1970) is limited to municipalities. *Dil-*

*lard v. Austin Indep. Sch. Dist.*, 806 S.W.2d 589, 595 (Tex.App.—Austin 1991, writ denied) (holding that estoppel can apply only to governmental units exercising proprietary functions and noting that only municipalities possess both governmental and proprietary functions).

The collection of taxes is undoubtedly a governmental function. *Deutsch*, 91 S.W.2d at 309. And, even taking as true S & H's evidence that an employee of the Comptroller provided S & H with incorrect advice, the Comptroller is not liable and cannot be estopped even by erroneous acts of its agents or employees. *Id.* The statute of limitations, therefore, was not tolled due to any misinformation, and the Comptroller is not estopped from asserting the statute of limitations. Because S & H did not properly file its refund claim until 1990, after the expiration of the four-year statute of limitations, the trial court correctly granted summary judgment in favor of the Comptroller. We, therefore, overrule S & H's first point of error.

In its second point of error, S & H argues that summary judgment was improper because the relevant provisions of the Tax Code and the Comptroller's rules in the Texas Administrative Code violate state and federal due process and equal protection guarantees. *See* Tex. Tax Code Ann. § 111.104; 34 Tex. Admin. Code § 3.325(a) (1997). S & H contends that a disparity of treatment exists between taxpayers who pay taxes directly to the state and those who pay taxes to the seller of goods or services because taxpayers who pay taxes directly to the state may seek a refund directly from the Comptroller, while taxpayers who pay taxes to a seller must seek a refund from the seller rather than the Comptroller. *See* Tex. Tax Code Ann. § 111.104; 34 Tex. Admin. Code § 3.325. The Comptroller counters, however, that in fact section 111.104 and rule 3.325 provide that persons who pay taxes to sellers who in turn pay taxes directly to the state may seek a refund by obtaining an assignment of refund rights from the seller.

█ Section 111.104 of the Tax Code states that "[a] tax refund claim may be filed with the comptroller by the person who paid the tax *or by the person's* attorney, *assignee,* or other successor." Tex. Tax Code Ann. § 111.104(b) (emphasis added). In another opinion released this date, this Court held that section 111.104 provides standing to file for a refund to taxpayers who (1) pay the tax directly to the state, or (2) obtain a refund request and an assignment of refund rights from the taxpayer who paid the tax directly to the state. *Fleming Foods v. Sharp,* 951 S.W.2d 278, 281 (Tex.App.—Austin, 1997, no writ h.); *see also* Tex. Tax Code Ann. § 111.104(b). Through the assignment provision, the statute itself provides a method by which a person or entity who pays taxes to a seller, rather than directly to the State, may seek a refund directly from the Comptroller. *See* Tex. Tax Code Ann. § 111.104(b). Because both categories of taxpayers may seek refunds directly from the Comptroller, the Tax Code does not treat them differently and does not violate state and federal due process and equal protection guarantees. We, therefore, overrule S & H's second point of error.

## CONCLUSION

Having overruled S & H's two points of error, we affirm the judgment of the trial court.