**AFFIRM; and Opinion Filed June 9, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00475-CV

### LLOYD DOUGLAS, Appellant
### V.
### CITY OF KEMP, TEXAS, Appellee

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 89460-422**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Lang-Miers

Appellant Lloyd Douglas appeals from the trial court's order granting appellee City of

Kemp, Texas's plea to the jurisdiction. On appeal Douglas argues that his claims against the

City are not barred by governmental immunity. We affirm the trial court's order.

### BACKGROUND

Douglas built a nursing facility in Kemp, a city located in Kaufman County, Texas.

According to Douglas, before he started construction, the mayor of Kemp and Kemp's city

manager "negotiated terms for an agreed upon abatement of property taxes to serve as an

incentive for constructing the Facility [in] Kemp." After the facility was built, Douglas received

a tax statement reflecting "the assessment of taxes in full" and "making no mention of the agreed

upon tax abatement." As a result, Douglas sued the City asserting claims for breach of contract,

negligent misrepresentation, fraudulent inducement, promissory estoppel, and declaratory judgment.[1]

The City answered and filed a plea to the jurisdiction arguing that all of Douglas's claims against the City are barred by governmental immunity. The trial court granted the City's motion and dismissed Douglas's claims with prejudice. On appeal Douglas argues that the trial court erred when it concluded that his claims were barred by governmental immunity.

### APPLICABLE LAW AND STANDARD OF REVIEW

The doctrine of governmental immunity protects political subdivisions such as the City from lawsuits seeking money damages unless immunity has been waived. *See Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). The plaintiff bears the burden to allege a valid waiver of immunity. *Dallas Cnty. v. Logan*, 420 S.W.3d 412, 423 (Tex. App.—Dallas 2014, pet. denied).

Governmental immunity from suit defeats a trial court's subject matter jurisdiction and is properly raised by a plea to the jurisdiction. *See Green v. City of Houston*, No. 01-14-00808-CV, 2015 WL 1967582, at *1 (Tex. App.—Houston [1st Dist.] Apr. 30, 2015, no pet.) (mem.op.) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004)). Whether a trial court has subject matter jurisdiction is a question of law to be reviewed de novo. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). In performing this review, we do not look to the merits of the plaintiff's case, but consider only the pleadings and any evidence presented by the parties pertinent to the jurisdictional inquiry. *Miranda,* 133 S.W.3d at 227; *Cnty. of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex. 2002). In reviewing the trial court's ruling, we take as true all evidence favorable to the nonmovant and

---

[1] Douglas also sued the Kaufman County Appraisal District (KCAD). The trial court granted KCAD's plea to the jurisdiction and Douglas does not appeal that ruling.

indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Miranda,* 133 S.W.3d at 228.

In his appellant's brief Douglas phrases his three issues on appeal as follows:

1. [T]he City's claim of governmental immunity fails because the concept of governmental immunity—even if not otherwise specifically waived— simply does not apply to the proprietary actions that form the basis of [Douglas's] claims.

2. [E]ven if the City is protected by governmental immunity, fact issues exist regarding whether the City waived its governmental immunity under Texas Local Government Code Section 271.152.

3. Appellant's request for declaratory relief does not affirmatively demonstrate that it is barred by governmental immunity, and therefore Appellant should be allowed to amend its pleadings to more specifically state his claim.

Because the City's plea to the jurisdiction asserted different grounds for dismissal for each of Douglas's claims, we analyze Douglas's issues on appeal in the context of the claims he asserted against the City.

**ANALYSIS**

**Negligent Misrepresentation and Fraudulent Inducement Claims**

In his negligent misrepresentation claim, Douglas alleged that he incurred substantial monetary damages because (1) the City represented that it agreed to the tax abatement, (2) Douglas justifiably relied on that representation, and (3) the City "failed to exercise reasonable care and competence" in ensuring that the abatement was approved, implemented, and enforced. In his fraudulent inducement claim, Douglas alleges that he suffered substantial monetary damages because (1) the City represented that it agreed to the tax abatement, (2) the City made that representation recklessly and with the intent to induce Douglas to build the facility in the City, and (3) Douglas relied on the representation.

–3–

Relying on section 101.055(1) of the Texas Tort Claims Act, the City argued in its plea to the jurisdiction that Douglas's negligent misrepresentation and fraudulent inducement claims should be dismissed because there is no waiver of governmental immunity for tort claims arising from the collection or assessment of taxes. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(1) (West 2011) (limited waiver of governmental immunity for certain tort claims does not apply to claims arising "in connection with the assessment or collection of taxes by a governmental unit"). In addition, relying on section 101.057, the City also argued that Douglas's fraudulent inducement claim should be dismissed because there is no waiver of governmental immunity for intentional torts. *Id.* § 101.057(2) (limited waiver of governmental immunity for certain tort claims does not apply to intentional torts).

On appeal Douglas argues that governmental immunity is waived for his negligent misrepresentation and fraudulent inducement claims because those claims arise from the City's performance of a proprietary function. As Douglas notes, the supreme court has stated that "[a] municipality is not immune from suit for torts committed in the performance of its proprietary functions, as it is for torts committed in the performance of its governmental functions." *Tooke v. City of Mexia*, 197 S.W.3d 325, 343 (Tex. 2006). Relying on that statement, Douglas argues that his tort claims implicate a proprietary function for which immunity is waived because agreeing to a tax abatement in order to encourage the construction of a nursing facility within city limits is "entirely discretionary" and only "tangentially related to the City's power to collect taxes." In response, the City argues that this case centers on the assessment and collection of taxes, which are "purely and quintessentially governmental functions" for which immunity is not waived. We agree with the City.

According to Douglas's petition, his claims arose in January 2012 when he received a tax statement "advising, for the first time, of the assessment of taxes in full against the Property." In

other words, Douglas's claims stem from what he calls "invalid tax assessments." Assessment and collection of taxes is a governmental function. *See, e.g.*, *S & H Mktg. Grp., Inc. v. Sharp*, 951 S.W.2d 265, 267 (Tex. App.—Austin 1997, no writ) ("The collection of taxes is undoubtedly a governmental function."). And under the Texas Tort Claims Act, there is no waiver of immunity for tort claims "arising [ ] in connection with the assessment or collection of taxes by a governmental unit." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(1). As a result, we conclude that the trial court did not err when it granted the City's plea to the jurisdiction with respect to Douglas's negligent misrepresentation and fraudulent inducement claims. *See City of Fort Worth v. Pastusek Indus., Inc.*, 48 S.W.3d 366, 372 (Tex. App.—Fort Worth 2001, no pet.) (concluding tort claims against city relating to tax abatement were barred by governmental immunity).

**Declaratory Judgment Claim**

In his first amended petition Douglas sought the following judicial declarations:

(1)  The tax abatement agreement constitutes a binding contract between the parties;

(2)  [Kaufman County Appraisal District's] assessments of taxes relating to the Property are void as they fail to conform to the abatement agreement;

(3)  KCAD's notices of delinquent taxes relating to the Property are void;

(4)  KCAD abused its discretion and exceeded its authority by ignoring the abatement agreement and issuing the notices of delinquent taxes that are contrary to the abatement agreement; and

(5)  Any future tax liens and claims for unpaid assessments brought by the City or KCAD and relating to the Property from 2011 to 2015 must conform to the terms of the abatement agreement.

In its plea to the jurisdiction the City argued that the trial court lacked jurisdiction over Douglas's declaratory judgment claim for three reasons: (1) Douglas did not exhaust his administrative remedies before filing suit, (2) Douglas's declaratory judgment claim is merely a recasting of his contract claim for which immunity is not waived, and (3) there is no waiver of

governmental immunity for claims for declaratory judgment that seek a determination of rights or duties under a contract, or whether a contract exists or was breached. In its reply in support of its plea to the jurisdiction the City elaborated on its first ground and explained that Douglas was required to comply with the prerequisite administrative procedures set forth in sections 41 and 42 of the Texas Tax Code before filing suit. To support this ground the City relied upon several cases, including *Reed v. Prince*, 194 S.W.3d 101, 107 (Tex. App.—Texarkana 2006, pet. denied), in which the court explained that taxpayers must comply with certain mandatory provisions of the tax code as a prerequisite to filing suit to challenge a tax assessment.

In his appellate brief Douglas argues that he should be allowed to amend his declaratory judgment claim "to cure any jurisdictional defects" because his declaratory judgment claim does not affirmatively demonstrate that it is barred by governmental immunity. In response, the City argues that the trial court's ruling must be affirmed because it could have been based on the unchallenged ground that Douglas failed to exhaust his administrative remedies before filing suit. We agree with the City.

When a plea to the jurisdiction challenges the trial court's exercise of jurisdiction on multiple grounds and the order granting the plea does not state the basis for the trial court's ruling, an appellant must challenge and negate all grounds on appeal. *Davison v. Plano Indep. Sch. Dist.*, No. 05-12-01308-CV, 2014 WL 1018212, at *5 (Tex. App.—Dallas Feb. 20, 2014, no pet.) (mem. op.). If an appellant does not challenge all possible grounds, we must affirm the ruling on the unchallenged ground. *See Davison,* 2014 WL 1018212, at *5.

The City argued that Douglas's declaratory judgment claim is barred because he failed to exhaust the administrative remedies available under the tax code before filing suit. In his reply brief Douglas argues that he was not required to exhaust the administrative remedies set forth in the tax code because his claims involve "the validity of the assessment of ad valorem taxes," as

–6–

opposed to "the *valuation* of the property at issue." And in a footnote Douglas argues that his argument is timely because it is made "in response to arguments contained in the [City's appellee's brief]." We disagree. As our sister court explained,

> Pointing out the *absence* of an appellant's argument does not raise the argument or entitle appellant to assert that argument for the first time in his reply brief. If the rule were construed otherwise, an appellee could never point out matters not raised by an appellant for fear of reopening the door.

*Barrios v. State*, 27 S.W.3d 313, 322 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). Because Douglas did not challenge this independent ground that could, if meritorious, support the trial court's ruling, we affirm the dismissal of Douglas's claim for declaratory judgment.[2] *See Davison*, 2014 WL 1018212, at *5.

### Contract Claim

In his contract claim, Douglas alleged that (1) he and the City had a "valid, enforceable contract" in which Douglas promised to build the facility in Kemp in exchange for an "agreed upon tax abatement," (2) Douglas performed, (3) the City "failed to implement and abide by the terms of the agreed upon tax abatement, and (4) Douglas incurred substantial monetary damage as a result of the City's breach.

On appeal the parties disagree about whether we are required to first determine whether Douglas's contract claim implicates a proprietary or governmental function. More specifically, relying on *Gates v. City of Dallas*, 704 S.W.2d 737 (Tex. 1986), and *City of Texarkana v. City of New Boston*, 141 S.W.3d 778 (Tex. App.—Texarkana 2004, no pet.), Douglas argues that we cannot determine whether the City's governmental immunity is waived as to his contract claim

---

[2] In its appellee's brief the City contends that in its plea to the jurisdiction it raised the argument about Douglas's failure to exhaust his administrative remedies as a grounds for dismissal of each of Douglas's claims, not just his claim for declaratory judgment, and that we must affirm the trial court's ruling as to all claims without addressing any of Douglas's other arguments. In its plea to the jurisdiction, however, the City raised this argument in connection with Douglas's claim for declaratory judgment. In its first amended plea to the jurisdiction the City stated that the trial court lacked jurisdiction over Douglas's declaratory judgment claim because he "did not exhaust his administrative remedies." And in its reply in support of its plea to the jurisdiction the City explained the prerequisite administrative procedure and then stated, "For these reasons, the Court lacks jurisdiction over [Douglas's] declaratory judgment claim against the City and it should be dismissed with prejudice."

–7–

unless we "first determine whether the City entered into the contract in its proprietary capacity," because "a municipality that contracts in a proprietary role is subject to the same liability as private citizens." In contrast, relying in part on *Gay v. City of Wichita Falls*, No. 08-13-00028-CV, 2014 WL 3939141 (Tex. App.—El Paso Aug. 13, 2014, no pet.), the City argues that "waiver of immunity for contract claims is determined under § 271.151 and § 271.152 of the [Local] Government Code, not the governmental/proprietary dichotomy." We do not need to resolve this disagreement, however, because we have already concluded that the crux of Douglas's claims is "invalid tax assessments," and the assessment and collection of taxes is a governmental function. *See, e.g.*, *S & H Mktg. Grp.*, 951 S.W.2d at 267 ("The collection of taxes is undoubtedly a governmental function."). As a result, even if we accepted Douglas's argument and applied the governmental/proprietary dichotomy to his contract claim, we would conclude that Douglas's claim implicates a governmental function for which immunity is not waived.

In its plea to the jurisdiction, the City relied in part on sections 271.151(2)(A) and 271.152 of the Texas Local Government Code. Under those sections, immunity to suit is waived for the purpose of adjudicating a claim for breach of a properly executed written contract relating to the provision of goods or services to a local governmental entity like the City. *See* TEX. LOC. GOV'T CODE ANN. §§ 271.151(2)(A), 271.152 (West 2005 & Supp. 2014). Based on those sections, the City argued that its governmental immunity is not waived for Douglas's contract claim because (1) "there is no <u>written</u> tax abatement contract," (2) "no written contract [ ] <u>was properly executed on behalf of the City</u>," and (3) an agreement to abate property taxes is not "a contract for the provision of goods and services."

On appeal Douglas argues that a fact issue exists as to whether there was a written contract concerning the tax abatement. More specifically, Douglas contends that the parties had a written agreement known as the "380 Agreement," and that this agreement "represented, or

should have provided for, the agreed tax abatement." In his pleadings in the trial court, however, Douglas explained that the 380 Agreement was "a separate agreement to offset the cost of construction of certain utilities required for the Facility[.]" Douglas did not allege or demonstrate that the 380 Agreement addressed the tax abatement he claims to have received.

Additionally, in his opening brief on appeal Douglas did not address the City's alternative argument that an agreement to abate property taxes would not waive immunity under sections 271.151(2)(A) and 271.152 because it is not an agreement for goods or services.[3] Because Douglas did not challenge this independent ground that could support the trial court's ruling, we affirm the dismissal of Douglas's claim for breach of contract. *See Davison*, 2014 WL 1018212, at *5.

### Promissory Estoppel Claim

In the "statement of the case" section of his appellant's brief, Douglas states that he asserted a claim for promissory estoppel. Douglas also argues, in general, that all of his claims implicate a proprietary function rather than "governmental conduct related to the collection of taxes." But in the analysis section of his brief Douglas does not mention his promissory estoppel claim or explain why the City's immunity is not waived as to that particular claim. As a result, we do not address his promissory estoppel claim. *See, e.g.*, *Jacobs v. Satterwhite*, 65 S.W.3d 653, 655–56 (Tex. 2001) (per curiam).

---

[3] In his reply brief Douglas states that "the tax abatement agreement falls comfortably within the definition of providing goods and services to the City," because, in exchange, the City was receiving "direct benefits" such as the creation of new jobs. As we explained above, however, an appellant cannot challenge an independent ground that could support an adverse ruling in a reply brief. *See Barrios*, 27 S.W.3d at 322.

–9–

## CONCLUSION

We resolve Douglas's issues against him and affirm the trial court's order granting the City's plea to the jurisdiction and dismissing Douglas's claims against the City with prejudice.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

140475F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

LLOYD DOUGLAS, Appellant

No. 05-14-00475-CV      V.

CITY OF KEMP, TEXAS, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 89460-422.
Opinion delivered by Justice Lang-Miers.
Justices Francis and Whitehill participating.

In accordance with this Court's opinion of this date, the trial court's order granting appellee City of Kemp, Texas's First Amended Plea to the Jurisdiction is **AFFIRMED**.

It is **ORDERED** that appellee recover its costs of this appeal from appellant Lloyd Douglas.

Judgment entered this 9th day of June, 2015.